# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### AUGUST 1999 SESSION



**FILED**

September 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Appellee**, | ) | **C.C.A. No. 03C01-9902-CR-00063** |
| | ) | |
| vs. | ) | **Washington County** |
| | ) | |
| **HAROLD DUFOUR, JR.**, | ) | **Honorable Lynn W. Brown** |
| | ) | |
| **Appellant**. | ) | **(Probation Revocation)** |
| | ) | |

**FOR THE APPELLANT:**

**JEFF KELLY (at trial)**
Assistant District Public Defender
P.O. Box 996
Johnson City, TN 37605

**GERALD L. GULLEY, JR. (on appeal)**
P.O. Box 1708
Knoxville, TN 37901-1708

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General & Reporter

**CLINTON J. MORGAN**
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243-0493

**DAVID CROCKETT**
District Attorney General

**STEVE FINNEY**
Asst. District Attorney General
P.O. Box 38
Jonesborough, TN 37659

**OPINION FILED:** _____

**AFFIRMED**

**JAMES CURWOOD WITT, JR., JUDGE**

**OPINION**

The defendant, Harold Dufour, Jr., appeals the revocation of his probation and the imposition of an incarcerative sentence by the Washington County Criminal Court. On January 31, 1997, the defendant pleaded guilty to one count of rape and one count of sexual battery. The trial court entered convictions for these offenses, imposed an effective ten-year sentence, and probated the sentence. After a probation revocation hearing was held on September 4, 1998, the trial court revoked the probation and ordered the defendant to serve the original sentence in the Tennessee Department of Correction (TDOC). We affirm this judgment of the trial court.

The trial court's January 31, 1997 order of probation set forth several conditions, including a requirement that the defendant "obey the laws of the United States, or any State in which [the defendant] may be." The probation violation petition alleged the breach of this requirement because of the defendant's arrest for assaulting his wife. Although the petition alleged other breaches that involved the failure to report, to pay the required fees and costs, and to complete community service work, the trial court, in its September 4, 1998 revocation order, found only that the defendant violated "the terms and conditions of . . . probation by new [sic] conviction for assault . . . on 6-23-98." The proof at the revocation hearing established that the assault offense for which the defendant was arrested, as alleged in the petition, resulted in a conviction that was based upon the defendant's guilty plea. The defendant committed the assault by hitting his wife with his fists and caused the victim to suffer two black eyes and other contusions and abrasions. After concluding that this assault was a violation of the conditions of probation, the trial court ordered that the defendant be incarcerated in the TDOC to serve his original ten-year sentence.

In his brief, the defendant concedes that a violation of probation occurred but argues that the trial court erred in not placing him again on probation or placing him in a Community Corrections program.

2

The revocation of probation is committed to the sound discretion of the trial judge. State v. Harkins, 811 S.W.2d 79, 80 (Tenn. Crim. App. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence sufficient to support the trial court's conclusion that the violation of the terms of probation has occurred. Harkins, 811 S.W.2d at 82; State v Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311 (d) (1997). If a violation is found and revocation occurs, the trial court has the discretionary authority to order the defendant to serve the original sentence. State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995). In the present appeal, we must determine whether the trial court abused its discretion in revoking the probation and ordering the defendant to serve his entire sentence . State v. Aaron Switzer, No. 03C01-9211-CR-00380, slip op. at 3 (Tenn. Crim. App., Knoxville, July 23, 1993).

The record supports a finding that the defendant violated his probation via the law-offending conduct of assaulting his wife, and the defendant concedes as much. The record fully supports the finding of a violation of the terms of probation, as well as the trial court's decision to revoke the probation.

Furthermore, we find no abuse of discretion in the trial court's decision to require the defendant to serve his original sentence and in denying the defendant's request for further probation or for placement in Community Corrections

First, we note that the defendant was not eligible for a Community Corrections program. A person who commits a felony offense that is violent or involves a crime against the person or who "demonstrate[s] a present or past pattern of behavior indicating violence" is not eligible for a Community Corrections program. Tenn. Code Ann. § 40-36-106 (a)(2), (3), (5) (1997). The offenses for which the defendant was sentenced were rape and sexual battery, see Tenn. Code Ann. § 40-36-102 (12) (1997) (defining nonviolent felony offense as an offense which does not involve, *inter alia*, "sexual contact

3

or sexual penetration"), and the conduct which triggered the revocation of probation was a violent assault. Accordingly, the defendant was not a candidate for Community Corrections.

Moreover, the trial court did not abuse its discretion in denying any other form of alternative sentencing to the defendant. The defendant had been given the benefit of a probated sentence, and yet, while on probation, he assaulted his wife by hitting her several times and punching her in the eyes with his fists. See, e.g., State v. Daniel Wilson, No. 03C01-9702-CC-00050 (Tenn. Crim. App., Knoxville, Dec. 4, 1997); State v. Howard Luroy Williamson, Jr., No. 02C01-9507-CC-00201, slip op. at 4 (Tenn. Crim. App., Jackson, Sept. 30, 1996) (references to sentencing principles by trial court is "not necessary in determining the appropriate sanction following revocation of probation"); State v. Leach, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995) (where defendant has new charges pending, trial court did not abuse its discretion in ordering the defendant to be incarcerated); State v. Johnny Ray Christman, No. 01C01-9405-CC-00178, slip op. at 5 (Tenn. Crim. App., Nashville, Mar. 30, 1995) (trial court's refusal to place the defendant in community corrections is not an abuse of discretion even where violations are not the most severe possible); State v. Darrell Wilson, No. 02C01-9207-CR-00167, slip op. at 6-7 (Tenn. Crim. App., Jackson, Oct. 27, 1993) (trial court did not abuse its discretion in failing to consider community corrections for positive drug test and missing appointments), perm. app. denied (Tenn. 1994); State v. Aaron Switzer, No. 03C01-9211-CR-00380, slip op. at 3 (Tenn. Crim. App., Knoxville, July 23, 1993) (trial court did not act arbitrarily in imposing original sentence).

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:

4

_____
DAVID H. WELLES, JUDGE


_____
JERRY L. SMITH, JUDGE