**STATE of Tennessee, Appellee,**

v.

**Gary C. DELP, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 31, 1980.

Permission to Appeal Denied by Supreme Court March 16, 1981.

---

4. The probation report is not included in the record.

Richard E. Hopson, Ward Huddleston, Jr., Kingsport, for appellant.

William M. Leech, Jr., Atty. Gen., William P. Sizer, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., R. Jerry Beck, Asst. Dist. Atty. Gen., Blountville, for appellee.

## OPINION

SCOTT, Judge.

On June 13, 1978, the appellant entered a guilty plea to the offense of burglary in the third degree and received a sentence of not less than nor more than three years in the state penitentiary. He also entered a plea of guilty of possession of a sawed-off shotgun and received a sentence of eleven months and twenty-nine days in the county jail. A plea of guilty of driving without a license was entered and he was fined $2.00. He also entered a plea of guilty of possession of less than one-half ounce of marijuana for which he received a sentence of eleven months and twenty-nine days in the county jail. Finally, he entered a plea of guilty of extortion and received a sentence of not less than nor more than two years in the state penitentiary. All of these sentences were ordered to be served concurrently. His application for probation was granted and all but six months of the sentences were suspended.

Thereafter, on March 1, 1979, a probation revocation warrant was issued, charging the appellant with violation of Rule 10 of his probation order. This rule provides that:

> He shall obey the laws of the United States or any state in which he may be as well as any municipal ordinances.

The reason for the issuance of the warrant was the appellant's alleged participation in the burglary of a store the night before in Scott County, Virginia.

Subsequently, on October 18, and 22, 1979, the appellant was tried in the Circuit Court of Scott County, Virginia, for the offense of breaking and entering. The jury returned a verdict of not guilty. However, on February 1, 1980, after hearing proof about the appellant's participation in the burglary, the trial judge revoked the appellant's probation. This appeal ensued. The appellant has raised three issues for our consideration.

First, he questions whether the trial judge erred in revoking his probation based upon a criminal charge for which the appellant had been acquitted by a jury.

This Court has previously held that a trial judge at a probation revocation hearing is not bound by an acquittal of a crimi-

nal offense which occurs, as in this case, after a suspended sentence is granted, when it appears that a defendant is guilty of conduct inconsistent with good citizenship. *Ray v. State,* 576 S.W.2d 598, 600 (Tenn.Cr. App.1978), citing *Galyon v. State,* 189 Tenn. 505, 226 S.W.2d 279, 282 (1949).

Under the holding of these authorities, which are squarely in point, this issue has no merit.

The procedural requirements for probation revocation hearings are mandated by *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), which adopted the procedural requirements for parole revocation set forth in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). This Court has recognized the importance of these requirements in *Practy v. State,* 525 S.W.2d 677, 680 (Tenn.Crim. App.1974). In his second issue, the appellant contends that one of the six due process requirements is missing, i. e., a written statement by the fact finder as to the evidence relied on and reasons for revocation of the probation. He contends therefore that he was denied due process of law.

■ The record contains no written statement of the evidence and reasons for revocation signed by the trial judge and entered on the minutes of the court. However, the trial judge made detailed findings orally from the bench at the conclusion of the hearing. These conclusions summarize the evidence relied on and clearly set forth the reasons for the revocation of probation. They consume approximately three and one-half typewritten pages in the record. The transcript was subsequently authenticated by the trial judge. We hold that his authentication of the verbatim transcript of the hearing, including his findings, was substantial compliance with the requirement that he make a written statement of the evidence relied on and the reasons for his action in revoking probation. This issue has no merit.

Finally, the appellant challenges the sufficiency of the evidence, contending that it was insufficient to warrant revocation of his probation.

■ The proof showed that Phillip Pendleton, a police informant, had advised a Deputy Sheriff of Scott County, Virginia, that the Oakwood Market was going to be burglarized. Officers staked out the market by hiding inside. On the third night of their stake out, at approximately 11:00 P.M., a green 1974 Chevrolet Monte Carlo automobile with three men inside drove to the rear of the store. One of the officers observed the car through a store window and positively identified the appellant as the driver. About five minutes later the officers heard a loud thud on the roof, followed a few seconds later by a tremendous noise from the rear of the store. A few minutes later two men entered the store and the officers arrested them. Those who entered were the informant, Mr. Pendleton, and the appellant's brother, Keith Delp. Shortly, the Monte Carlo automobile was observed in the area nearby. The car was stopped and the appellant was arrested.

Mr. Pendleton, the informant, testified in the appellant's behalf at the probation revocation hearing. He contended that a Scott County, Virginia, Deputy Sheriff had asked him to set up the appellant and his brother so they could be caught. He cooperated because he had about $1,400.00 worth of bad checks outstanding and he believed he was facing twenty years in the penitentiary.

Mr. Pendleton contended that he, the appellant, the appellant's brother, and Sonny Williams left the Ramada Inn in the car. They rode around for about thirty minutes trying to convince the appellant to participate in the burglary. He refused. They then took him to the State Line Exxon Market where he drank a Coca-Cola. A "mystery man" whose surname or given name was "Keith" took the car, drove the burglars to the market and returned the car to the appellant a short while later. The appellant then took the car and started home. He was then stopped by the police and arrested.

■ The trial judge found, quite properly, that the case turned upon the credibility

of the witnesses. The trial judge chose to believe the testimony of an officer who was hiding in the market and to reject the testimony of the appellant and his witnesses. The trial judge referred to their story about the "mystery man" whom no one knew and who simply got into the car to drive the parties to the scene of the burglary, as "bizarre". We find the story is not only "bizarre", but also "preposterous". In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge. *Bledsoe v. State*, 215 Tenn. 553, 387 S.W.2d 811, 814 (1965). His findings have the weight of a jury verdict. *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Cr.App.1978).

TCA, § 40–2907, vests the trial judge with authority to revoke probation whenever the judge finds that a probationer has violated the conditions of his probation. This authority is a form of judicial discretion, which is reviewable on appeal.

■ In order for a reviewing appellate court to be warranted in finding an abuse of discretion in a probation revocation case, it must be demonstrated that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. *Roy Lee Violet v. State* (Tenn. Crim.App., filed at Knoxville, January 22, 1980), citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn.1978). There clearly was substantial evidence to support the trial judge's finding that the appellant rather than the "mystery man" was the driver of the car, and, therefore, a participant in the breaking and entering. By so doing the appellant violated Rule 10 of his probation. This issue has no merit.

Finding all of the issues to be without merit, the judgment is affirmed.

O'BRIEN and CORNELIUS, JJ., concur.