IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 25, 2001

## STATE OF TENNESSEE v. ALONZO CHATMAN

**Appeal from the Criminal Court for Knox County**
**No. 70370     Ray L. Jenkins, Judge**

_____

**No. E2000-03123-CCA-R3-CD**
**October 5, 2001**
_____

Alonzo Chatman appeals the Knox County Criminal Court's revocation of his probationary sentence. Because the lower court did not abuse its discretion in revoking probation and ordering the original sentence into execution, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Mark Stephens, Knox County Public Defender; Paula R. Voss and Aubrey Davis, Assistant Public Defenders, Knoxville, Tennessee, for the Appellant, Alonzo Chatman.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussman, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Deborah Herston, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On July 26, 2000, judgment was entered on the defendant's guilty plea to the offense of aggravated assault. The defendant received a three-year probationary sentence. The judgment recites that during the probationary period, the defendant must refrain from violating the law, refrain from activities inconsistent with good citizenship, pay court costs, have no further contact with the victim, and abide by any conditions established by the probation office.

On September 6, 2000, a probation violation warrant issued which alleged that the defendant had failed to provide the probation office with proof of employment and had failed to report to the probation office. Apparently, the defendant was taken into custody. Court minutes from September 18, 2000 reflect that the defendant was "released from custody under supervision of the State Probation Office . . . conditioned upon his residing at Coker Hall." The case was continued until November 17, 2000 for a revocation hearing. However, on November 1, 2000, a

second revocation warrant issued which alleged that the defendant had been arrested for two additional offenses and had failed to report those arrests.

On November 17, 2000, the court held a revocation hearing. Neither side presented evidence. The state argued that the defendant had never reported to his probation supervisor, never reported to the halfway house where he was supposed to reside, and incurred two additional charges. In response, the defense acknowledged that the defendant never reported to the probation office or the halfway house. However, the defense asked the court to impose "enhanced probation rather than sending him off to prison . . . ." The court revoked the defendant's probationary sentence and ordered that he serve his sentence in the Department of Correction. The trial court found only that "the defendant has been guilty of violating the laws of this State, and has otherwise violated the conditions of his probation."

In this appeal, the defendant complains that (1) the trial court failed to make specific findings on the record, thereby violating his due process rights, (2) the state failed to prove the conditions of probation or that the defendant had been arrested while on probation, and (3) the trial court should have allowed the defendant to complete his sentence on enhanced probation.

The standard of review upon appeal of an order revoking probation is abuse of discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). There is no abuse of discretion unless the reviewing court finds that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id.* at 82; *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (Supp. 2000). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310 (1997). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In this case, the defendant conceded that he had never reported to his probation officer. *See State v. Michael Emler*, No. 01C01-9512-CC-00424, slip op. at 4 (Tenn. Crim. App., Nashville, Nov. 27, 1996) (where the defendant admits violation of the terms of probation, revocation by the trial court is not arbitrary or capricious); *State v. Mitzi Ann Boyd*, No. 03C01-9508-CC-00246, slip op. at 3 (Tenn. Crim. App., Knoxville, Nov. 1, 1996). Under the terms of the judgment, the defendant was to submit to probation supervision. His failure to do so amounted to a violation of probation.

Thus, the only remaining question is whether the court abused its discretion in ordering the defendant to serve the remainder of his sentence in the Department of Correction. The lower court was statutorily authorized to impose the original sentence upon revocation of probation.

*See* Tenn. Code Ann. § 40-35-310 (1997). Moreover, the trial court was not required at that stage to reconsider the sentencing principles. *State v. Howard Luroy Williamson, Jr.*, No. 02C01-9507-CC-00201, slip op. at 4 (Tenn. Crim. App., Jackson, Sept. 30, 1996). The defendant has amply demonstrated his lack of suitability for further probationary efforts via his admitted failure to report to his probation officer, to submit to supervision of the probation department, and to reside in the halfway house. We see no error in the trial court's revocation of probation and ordering into execution the original sentence.

Despite this holding, we feel compelled to address deficiencies in the proceedings below. Neither party offered any evidence whatsoever at the revocation hearing. The state alleged that the defendant failed to report his arrest on two new charges, but it offered no proof that the criminal charges actually existed or that the terms of probation required that they be reported. Likewise, the state failed to offer any proof that the terms of probation required the defendant to provide proof of employment. The lower court had no evidentiary basis for finding that the defendant "has been guilty of violating the laws of this state." Furthermore, the court failed to specify how the defendant "has otherwise violated the conditions of his probation" and make supporting factual findings.

We are concerned by these several shortcomings; however, on the facts of this case, they do not dictate a result other than the one we have reached. The defendant, through counsel, admitted that he did not report to his probation officer; in other words, he admitted a probation violation. The defendant is now ill situated to complain that the court did not make a specific finding to this effect. Only one basis for revocation is necessary. Therefore, the court's failure to make specific findings relative to any other grounds for revocation included in "otherwise violat[ing] the conditions of . . . probation" and finding that the defendant violated the law despite the state's lack of proof on that basis are not fatal. *See, e.g., State v. Daryl McKinley Robinson*, No. W1999-01386-CCA-R3-CD, slip op. at 2-3 (Tenn. Crim. App., Jackson, May 4, 2000) (appellate court not required to address lower court's deficiencies in fact finding on additional basis for probation revocation where defendant admitted other violations of probationary terms).

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE