IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2002

## STATE OF TENNESSEE v. TRACY R. PIPES

**Appeal from the Circuit Court for Hardin County**
**No. 7803     C. Creed McGinley, Judge**

---

**No. W2002-00433-CCA-R3-CD  - Filed December 12, 2002**

---

The defendant, Tracy R. Pipes, appeals the Hardin County Circuit Court's revocation of her drug-offense probation.  The court ordered her to serve the effective eight-year sentence in the Department of Correction.  Because the record supports the lower court's actions, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Richard W. DeBerry, Assistant District Public Defender, Camden, Tennessee, for the Appellant, Tracy R. Pipes.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; G. Robert Radford, District Attorney General; and John Overton, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On August 2, 1999, the trial court probated the defendant's effective eight-year sentence, and in addition to regular conditions of probation, the court ordered the defendant to submit to random drug and alcohol tests.  On April 30, 2001, a probation violation report was filed, alleging that the defendant had failed to report for three consecutive months and was in arrears in paying her supervision fees.  The report was amended numerous times through September 17, 2001, when the state filed a report on that date which, in addition to the original claims, alleged that the defendant's arrearage in paying fees had extended to thirteen months; that she had failed to appear in court for her revocation hearing on May 15, June 14, and September 11, 2001; that she tested positively for barbiturates, marijuana, and opiates; and that, although the revocation proceedings had been continued to allow the defendant to seek drug treatment, she had failed to report to her probation officer following the order allowing treatment and continuing the probation proceedings.

In the January 22, 2002 revocation hearing, the defendant's probation officer testified that the defendant failed to report in the months of December 2000 through April 2001 and that, as of September 2001, she was thirteen months in arrears in paying her supervision fees. She tested positively for drugs on June 26, 2001. After the original probation report was filed, she was allowed to seek drug treatment on July 30, 2001, but she failed to report after that date. She failed to appear in court on September 11, 2001. On cross-examination, the officer acknowledged that, although the defendant had received two positive drug tests, she had also received negative tests.

The defendant testified that she missed some reporting appointments because she was pregnant. She missed an appointment on March 8, 2001, because she delivered the baby on that date. She testified that her positive drug test was the result of her taking medication for back pain. She blamed her failure to appear in court in September 2001 on getting "a call saying that [she] didn't have to be here, that they had rescheduled Court."

In making his findings, the trial judge said, "I don't believe Ms. Pipes'[s] testimony has a whole lot of candor." He found the explanation for missing the September court date to be "pretty incredible" and that her history was "totally unsatisfactory." The judge found that, even if he attributed some of her nonfeasance to medical problems, she had failed to report after she delivered her child. Her response to the opportunity to obtain drug treatment "was to disappear and not come back to Court. . . . She's in the D.O.C."

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn.1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id.*; *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App.1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (Supp. 2000). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310 (1997). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

On appeal, the defendant argues that the trial court's decision to revoke probation was arbitrary. We disagree. The lower court's decision to revoke the defendant's probation is supported by substantial evidence that the defendant violated conditions of her probation. Based upon the facts in evidence that the defendant used drugs while on probation and repeatedly failed to report to her probation officer, the revocation of probation is warranted.

We affirm the lower court's judgment.

-2-

_____
JAMES CURWOOD WITT, JR., JUDGE