IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 8, 2003

## STATE OF TENNESSEE v. CHARLENE DENISE FRANKS

**Appeal from the Circuit Court for Hardin County**
**No. 7832     C. Creed McGinley, Judge**

––––––––––––––

**No. W2002-02067-CCA-R3-CD  - Filed July 29, 2003**

––––––––––––––

The defendant, Charlene Denise Franks, entered pleas of guilt to two counts of aggravated burglary. The trial court imposed Range I concurrent sentences of three years on each offense and granted supervised probation.  A probation violation warrant resulted in a revocation.  The issue on appeal is whether the trial court abused its discretion.  The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Richard W. DeBerry, Assistant District Public Defender, for the appellant, Charlene Denise Franks.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and John Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 29, 1997, the defendant burglarized the residences of James Bridges and Gordon England in Hardin County.  The record indicates that the defendant admitted to having stolen checks from the Bridges residence and cash from the England residence.  Subsequent guilty pleas resulted in an effective sentence of three years with supervised probation.

On July 18, 2001, a probation violation warrant was issued alleging that the defendant had been convicted of two counts of driving under the influence in McNairy County.  The warrant alleged that the defendant had also failed to report an arrest for possession of a controlled substance, had used intoxicants excessively, had failed to report, and had changed her residence without permission from her probation officer.

At the revocation hearing, Becky Richardson, a probation officer, testified that the defendant had been convicted of two counts of driving under the influence and that she had failed to report an

arrest for possession of a controlled substance. Ms. Richardson also reported that the defendant had failed to report for a period of four months and had moved her residence without providing any notification.

The defendant testified that the possession of a controlled substance charge had been dismissed and that her probation officer had been made aware of that. The defendant explained that she had moved away from her residence temporarily because of the deaths of her father and her grandmother. She acknowledged that she was on methadone and had been convicted on two separate counts of driving under the influence.

After finding that the defendant had additional criminal offenses since the grant of probation and describing her conduct as "entirely unsatisfactory," the trial court revoked probation and ordered that the defendant serve her sentence in the Department of Correction.

Our general law provides that a trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). On appeal, a revocation will be upheld absent an abuse of discretion. In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Relief can be granted only when "'the trial court's logic and reasoning were improper when viewed in the light of the factual circumstances and the legal principles involved.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

The defendant has been unable to establish that the trial judge did not exercise conscientious and intelligent judgment. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). The defendant was granted probation after committing two aggravated burglaries. Afterward, she was convicted of two DUI offenses for which she served a jail term. The defendant missed at least two court appearances, failed to report on a timely basis to her probation officer, and failed to notify the officer of a change in address. Under these circumstances, it cannot be said that the trial court abused its discretion.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE