# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 3, 2003 at Jackson

## STATE OF TENNESSEE v. MARK MAYNARD

**Appeal from the Circuit Court for Montgomery County**
**No. 40000466      Michael R. Jones, Judge**

---

**No. M2002-02466-CCA-R3-CD - Filed December 11, 2003**

---

The defendant, Mark Steve Maynard, appeals from the Montgomery County Circuit Court's ruling on a probation violation warrant. On September 11, 2002, the court revoked the defendant's October 20, 2000 probation that had resulted from four felony bad check convictions. The court ordered the defendant to serve his original effective sentence of eight years in the Department of Correction. Although the defendant admitted that he had violated his probation, he challenges the trial court's decision to require him to serve the original sentences in incarceration. Discerning no error in the lower court's judgment, we affirm.

**Tenn. R. App. P. 3; Judgments of the Circuit Court are Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Russel A. Church, Clarksville, Tennessee, for the Appellant, Mark Maynard.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The defendant was originally indicted for drafting and passing worthless checks to a motorcycle dealer in February 2000. In the aggregate, the checks exceeded $30,000 and were used to purchase "four-wheelers," trailers, and other equipment. He pleaded guilty and received four felony convictions and an order to pay $8,641 in restitution,[1] and an aggregate Department of Correction sentence of eight years, to be served on supervised probation. The defendant's probation was transferred to New Hampshire, where the then-23-year-old defendant moved and began working

---

[1]Apparently, the victim was able to repossess all the merchandise within a month of the purchases and thus was able to mitigate the loss.

as a flooring installer. On March 5, 2002, the State of Tennessee filed a probation violation warrant, in which it alleged that, beginning on December 19, 2001, the defendant had passed at least four worthless checks in New Hampshire.

On September 11, 2002, the trial court conducted a revocation hearing. The defendant, both personally and through counsel, admitted that he had violated his probation by writing bad checks in New Hampshire and that some of the New Hampshire charges had resulted in convictions. The court found that the terms of probation had been violated and conducted a hearing to determine the proper disposition of the case.

The defendant testified that, after he had moved to New Hampshire and began working in the seasonal occupation of installing flooring, he was hampered by an injury to his leg and by lipoma surgery on his arm or shoulder. The leg injury was particularly costly in that it disabled him from work for four or five months. The defendant had married, and his wife, who had custody of a child from a former relationship, worked as a waitress in New Hampshire. Although the defendant maintained that he used worthless checks to maintain his household, he admitted on cross-examination that he spent large sums of money to purchase an automobile kit and items from car hobby, race, and collectible shops.

The trial court revoked probation in each case and ordered the defendant to serve his original eight-year sentence. On appeal, the defendant claims that the trial court abused its discretion in ordering that the original sentences be served in the penitentiary. He argues that the proof showed that he was immature in his handling of money and that incarceration is not warranted.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). For an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id*. at 82; *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (2003). Upon finding a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310 (2003). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

Although the trial court did not elaborate about its reasons for ordering the defendant to serve the eight-year sentence in the Department of Correction, the record amply supports that decision. Within an approximate one month period, the defendant wrote bad checks totaling over $30,000 to buy three new "four-wheelers" and related equipment. After he bargained for probation, he pleaded guilty, was placed on probation, and was allowed to be supervised in New Hampshire.

-2-

There, within fourteen months of being placed on probation in Tennessee, the defendant committed a string of similar crimes in New Hampshire. He used nonexistent funds to purchase several thousand dollars worth of novelty items that were by no means necessities and were unrelated to household maintenance. In our view, he received the largess of probation in the first instance, despite having passed bogus checks totaling a huge amount of money, and he responded by continuing to offend in another state. Not only does the record reveal that the trial court acted within its discretion in ordering confinement, but it fairly convinces us that anything but such an order would mock of the remedy of probation.

Accordingly, the judgements are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE