IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 18, 2004

## STATE OF TENNESSEE v. JODY LEE TURNER

**Appeal from the Criminal Court for Cumberland County**
**Nos. 7280 and 7454     Leon Burns, Jr., Judge**

---

**No. E2004-00060-CCA-R3-CD - Filed November 29, 2004**

---

Following his guilty plea to two counts of theft, the defendant, Jody Lee Turner, was sentenced in the Cumberland County Criminal Court to an effective four-year term to be served on probation, supervised by a community corrections program agency. A few weeks later, the court revoked the community placement and ordered the defendant to serve his four-year sentence in the Department of Correction. From that order, the defendant appeals. Upon review, we affirm the judgments below.

**Tenn. R. App. P. 3; Judgments of the Criminal Court are Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

David Brady, District Public Defender; and John B. Nisbet, III, and Joe L. Finley, Jr., Assistant District Public Defenders, Cookeville, Tennessee, for the Appellant, Jody Lee Turner.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; William E. Gibson, District Attorney General; and Kevin Poore, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On October 1, 2003, the defendant pleaded guilty to theft of property valued in excess of $500, a Class E felony, and to theft of property valued in excess of $1,000, a Class D felony. *See generally* Tenn. Code Ann. §§ 39-14-103, -105 (2003). As a Range I offender, he received a two-year sentence for the Class E felony and a four-year sentence for the Class D felony. The trial court imposed the sentences to run concurrently, yielding an effective sentence of four years. The trial court ordered that the sentences be "suspended to [Department of Correction] probation supervised by [community corrections]." Consequently, the court ordered the defendant to comply with the requirements and conditions of the community corrections program, including requirements that he obey all applicable laws, refrain from the use of drugs, and submit to drug screens.

On November 7, 2003, the state filed a community corrections violation report and alleged that the defendant had tested positively for the use of methamphetamine on October 30 and that on November 4, 2003, he admitted to using methamphetamine and refused to submit to a drug screen.

On December 1, 2003, the trial court conducted a revocation hearing. The defendant's probation officer testified that the defendant entered the community corrections program on October 1, 2003, and was given a drug field test on October 30, which revealed the consumption of methamphetamine.[1] The officer attempted to administer another test on November 4, but the defendant "elected not to take the test [because] he would fail it for meth[amphetamine]." The defendant signed a statement acknowledging that he had been using the drug, and the officer placed the written statement into evidence. The officer testified that, he believed, the defendant told him that he had used methamphetamine on November 3, 2003.

The defendant testified at the revocation hearing that he had maintained employment and had enrolled in "alcohol and drug assessment," as required by the community corrections program. He attended outpatient classes once a week for three weeks in October 2003. He admitted that he was addicted to methamphetamine and had used it in October and as recently as two weeks prior to the hearing. He testified that he needed a program more intensive than weekly classes. He requested a more intensive program to treat his addiction; however, he admitted that, in January 2003, he declined to attend a rehabilitation program called "New Leaf." He admitted on cross-examination that, when first questioned by his probation officer, he untruthfully denied using methamphetamine.

The trial judge expressed concern that the defendant had rebuffed attempts to treat his substance abuse problems in January 2003, following an arrest for driving under the influence. The judge observed that the defendant had refused to "get serious" about his drug problem until after he had been placed on probation and had been caught in violation of the rules. Based upon the use of methamphetamine demonstrated by the drug screen and the defendant's admission, the court on December 1, 2003, ordered the revocation of the defendant's community corrections placement and ordered his confinement in the Department of Correction to serve the balance of his original sentence.

On January 6, 2004, the defendant filed a notice of appeal. On appeal, the defendant argues that the order of incarceration was too harsh and that, instead of confining the defendant, the trial court should have extended his probation for two additional years. The state responds that the trial court acted within its discretion in ordering confinement as a means of serving the original sentence. We agree with the state.

---

[1]The officer testified that he sent the test sample to the "lab" and learned of the results later when he received the lab report.

Before we explain our reasoning, we must address the defendant's untimely notice of appeal. *See* Tenn. R. App. P. 3(b), 4(a). We note that, in criminal cases, the notice of appeal is not jurisdictional, and this court may waive the untimely filing of a notice of appeal in the interests of justice. Tenn. R. App. P. 4(a). Although the defendant has not asked this court to take this action, the state has not moved for a dismissal of the appeal. At any rate, we conclude that justice is best served by excusing the filing of a timely notice. We, therefore, proceed to the merits of the appeal.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id.*; *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Michael Emler*, No. 01C01-9512-CC-00424, slip op. at 4 (Tenn. Crim. App., Nashville, Nov. 27, 1996) (where the defendant admits violation of the terms of probation, revocation by the trial court is not arbitrary or capricious); *see also State v. Mitzi Ann Boyd*, No. 03C01-9508-CC-00246, slip op. at 3 (Tenn. Crim. App., Knoxville, Nov. 1, 1996). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (2003). Upon finding a violation, the trial court is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id*. § 40-35-310 (2003). The trial judge retains the discretionary authority to order the defendant to serve the original sentence*. See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In the present case, the defendant was placed on probation with his sentence suspended pending his compliance with community corrections supervision. He admitted his violation of the terms of his probation and makes no claim on appeal that the trial court erred in revoking probation. Although he urges us to conclude that serving the four-year sentence in confinement is too harsh, we find no basis for concluding that the trial court abused its discretion in ordering confinement. The defendant was apparently addicted to methamphetamine and may have benefitted from an intensive rehabilitation program; however, the trial court was troubled by the defendant's rebuffing attempts in January 2003 to get him into a substance abuse program. The trial court found that the theft offenses which are the bases for the current sentences were related to the defendant's involvement with methamphetamine, and the court expressed concerns for the safety of the public should the defendant remain in the community. The record supports the trial judge's reasoning, and we cannot help but observe that the defendant continued his use of meth-amphetamine, not only after submitting his guilty plea and accepting the terms of probation, but even after the violation warrant had been filed. Given the record before us and the trial court's findings of fact, we discern no abuse of discretion in ordering the four-year sentence served in the Department of Correction.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE