IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 9, 2005

## LARRY W. TIMBERLAKE  v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-A-566     Cheryl Blackburn, Judge**

---

**No. M2004-02734-CCA-R3-CD - Filed September 12, 2005**

---

The defendant, Larry W. Timberlake, appeals his probation revocation and imposition of his original seven-year sentence. After a thorough review of the record and applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Theodora A. Pappas, for the Appellant, Larry W. Timberlake.

Paul G. Summers, Attorney General & Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Bret Gunn, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On March 26, 2002, the defendant pleaded guilty to robbery and attempted robbery pursuant to a plea agreement with the state in which he agreed to serve and effective seven-year sentence. The defendant agreed to and  serve one year of his sentence, day for day, in local confinement, and thereafter he was placed on supervised probation. After being released on probation, the defendant reported to his probation officer approximately three times. When the defendant failed to report again as scheduled, the probation officer filed a probation violation report alleging that the defendant had failed to report, that his whereabouts and address were unknown, and that he was in arrears on his probation fee payments.

The defendant was located and later arrested after he gave a false name to the police. The trial court conducted an evidentiary hearing in which the defendant and a representative from the probation office testified. The defendant testified that he had failed to report because he began

using illegal drugs while on probation and therefore was afraid of failing a drug test and as a result having his probation revoked. This same fear motivated the defendant to provide the police with a false name when questioned. The defendant testified that he had not used drugs in the four to five months prior to the probation revocation hearing and that he was concerned he may have contracted the AIDS virus from a female friend who had been diagnosed with AIDS. The defendant stated that he had employment and a place to live awaiting him if the court should "give him a second chance" and allow him to serve some type of non-incarcerative sentence.

On cross-examination, the state elicited from the defendant that he had four prior felony convictions. Moreover, the defendant had been previously placed in the community corrections program and had his placement revoked. The court revoked the defendant's probation and imposed his original seven-year incarcerative sentence.

The defendant concedes that his admission supports the court's conclusion that he violated the terms of his probation. However, the defendant argues that the court abused its discretion in revoking the his probation because the record established that he made efforts to comply with certain terms of his probation by providing updated addresses to his probation officer, making a payment of probation fees, reporting several times to his probation officer, and maintaining employment. Moreover, the defendant argues that the court should have considered that his failure to report was his first probation violation in this case and that he was battling a drug addiction during the course of his probation. The state counters that the defendant's admission at his hearing and concession on appeal that he violated his probation are sufficient to support the court's probation revocation.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the terms of probation has occurred. *Id.*; *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(e) (2003). Upon finding a violation, the trial court is vested with the statutory authority to "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.* Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In the present case, substantial evidence supports the trial court's conclusion that the defendant violated the terms of his probation. The defendant admitted that he failed to report to his probation officer, failed to advise his probation officer of his new address, and used illegal drugs while on supervised probation, all of which were in contravention of his probation agreement. The defendant's assertions that he initially reported to his probation officer several times and filed several

change of address forms do not excuse his ultimate failure to report or inform the probation office of his whereabouts. We conclude that the record supports the trial court's determination that the defendant violated the terms of his probation. Having determined that the defendant violated probation, the trial court retained the discretionary authority to reinstate the defendant's original sentence. *See id.* Moreover, the defendant was not entitled to a credit for any time spent on probation unless the entire term was successfully completed. *State v. Taylor*, 992 S.W.3d 941 (Tenn. 1999). Accordingly, in the instant case, the trial court acted within its authority by requiring the defendant to serve his originally-imposed seven-year sentence.

Finding no error in the record, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE