**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**MAY 1998 SESSION**

FILED

July 8, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 03C01-9810-CC-00354 |
| | ) | |
| vs. | ) | Blount County |
| | ) | |
| **JOHN L. STUPP,** | ) | Hon. D. Kelly Thomas, Jr., Judge |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

FOR THE APPELLANT:

**GREGORY D. SMITH** (on appeal)
Attorney at Law
One Public Sq., Ste. 321
Clarksville, TN 37040

**NATALIE HURLEY** (at hearing and
                    of counsel on appeal)
Assistant Dist. Public Defender
419 High St.
Maryville, TN 37804

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**MARVIN S. BLAIR, JR.**
Asst. Attorney General
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

**MICHAEL L. FLYNN**
District Attorney General

**TAMMY HARRINGTON**
Asst. District Attorney General
363 Court St.
Maryville, TN 37804

OPINION FILED:_____

**AFFIRMED - RULE 20**

**JAMES CURWOOD WITT, JR., JUDGE**

## OPINION

The defendant, John L. Stupp, appeals the revocation of his probationary sentence. He was convicted upon his guilty pleas of Class D felony theft of property, Class A misdemeanor theft of services, Class E felony possession of a Schedule VI drug for resale, Class D felony burglary, and Class A misdemeanor possession of drug paraphernalia. He agreed to a five-year effective sentence, and the trial court imposed probation. Upon release from the Blount County Jail, the defendant was to live at the Salvation Army in Knox County until other arrangements could be made by his probation officer. The day after his release, the defendant left the Salvation Army facility. Moreover, he failed to make contact with his probation officer as he had been instructed to do. The defendant admitted as much at the sentencing hearing, although he claimed he had unsuccessfully attempted to contact his probation officer by telephone. On review, we find no error of law requiring reversal and affirm the trial court's revocation pursuant to Rule 20 of the rules of this court.

The standard of review upon appeal of an order revoking probation is the abuse of discretion standard. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). In order for an abuse of discretion to occur, the reviewing court must find that the record contains no substantial evidence sufficient to support the conclusion of the trial judge that the violation of the terms of probation has occurred. Harkins, 811 S.W.2d at 82; State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The trial court is required only to find that the violation of probation occurred by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d) (1997). Upon a finding of a violation, the trial court is vested with the statutory authority to "revoke probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(d) (1997). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of

such suspension." Tenn. Code Ann. § 40-35-310 (1997). The trial judge retains the discretionary authority to order the defendant to serve the original sentence. See State v. Duke, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In this case, the defendant admitted violation of the terms of probation. This alone is substantial evidence of record to support the trial court's revocation order. See State v. Michael Emler, No. 01C01-9512-CC-00424, slip op. at 4 (Tenn. Crim. App., Nashville, Nov. 27, 1996) (where the defendant admits violation of the terms of probation, revocation by the trial court is not arbitrary or capricious); see also State v. Mitzi Ann Boyd, No. 03C01-9508-CC-00246, slip op. at 3 (Tenn. Crim. App., Knoxville, Nov. 1, 1996). We cannot say the trial court abused its discretion in revoking probation for the defendant's failure, almost immediately upon his release from jail, to abide by the terms of his probationary sentence. Moreover, the facts of this case demonstrate no abuse of discretion by the trial court in ordering the defendant to serve the original sentence.

Accordingly, we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

3

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:


_____
JOHN EVERETT WILLIAMS, JUDGE


_____
ALAN E. GLENN, JUDGE