IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

FILED

December 3, 1997

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,      )
                         )
        Appellee,        )      No. 01C01-9702-CC-00043
                         )
                         )      Montgomery County
v.                       )
                         )       Honorable John H. Gasaway, III, Judge
                         )
TONY GREENE,             )       (Probation Revocation)
                         )
        Appellant.       )


For the Appellant:                  For the Appellee:

Michael R. Jones                    John Know Walkup
District Public Defender            Attorney General of Tennessee
    and                                 and
Russel Church                       Clinton J. Morgan
Assistant Public Defender           Assistant Attorney General of Tennessee
109 S. Second Street                450 James Robertson Parkway
Clarksville, TN 37040               Nashville, TN 37243-0493
(ON APPEAL)
                                    John Wesley Carney, Jr.
Reese N. Bagwell, Jr.               District Attorney General
116 S. Second Street                    and
Clarksville, TN 37040               Steve Garrett
(AT TRIAL)                          Assistant District Attorney General
                                    204 Franklin Street, Suite 200
                                    Clarksville, TN 37040


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Tony Greene, appeals as of right from a judgment of the Montgomery County Circuit Court revoking his probation and requiring him to serve the balance of his concurrent sentences. The defendant contends that the trial court erred in ordering him to serve the full balance of his sentences because less restrictive means could have been applied. We disagree.

In September 1990, the defendant was convicted, upon his guilty pleas, of two charges of the sale of cocaine. He received concurrent eight-year sentences to be served on probation. In October 1992, the defendant's probation was revoked and he was placed in the community corrections program. The record reflects that on the same date he was sentenced for another cocaine sale offense to eight years in the community corrections program. In July 1994, the defendant was charged in four more cocaine-related cases, and pursuant to an agreement, he was convicted upon his plea of guilty to one offense of sale of a Schedule II substance and he received a ten-year sentence concurrent with his former sentences. At the same time, an order was entered revoking his community corrections sentences and ordering that the sentences be served in custody concurrently with the new ten-year sentence. In September 1995, the defendant was placed on probation by the Department of Correction pursuant to its boot camp program.

On March 26, 1996, a probation violation report, affidavit and warrant were filed alleging probation violations with regard to the Department of Correction probation order. The probation officer, Gary Hammer, testified that the grounds for revocation were failure to report and curfew violations. He said that the defendant had not reported since March 6, although he had advised the defendant numerous times of the obligation to report. Mr. Hammer also testified that the defendant had an 8:00 p.m.

2

curfew but was not present at his home on sixteen occasions in January, February, March and April when he had gone to the defendant's home. Mr. Hammer stated that the defendant said that he often stopped after work at his grandmother's house to have dinner.

The defendant testified that he could not report at 6:00 a.m. twice a week as required by Mr. Hammer because he had no personal transportation. He said that he told Mr. Hammer about his problem, but Mr. Hammer said that he still had to report. Also, he was not able to be home by 8:00 p.m. because of work. However, he also acknowledged that he had gone to his grandmother's house. In rebuttal, Mr. Hammer testified that he was aware of the defendant's work schedule and never checked his home until 8:15 p.m. or afterwards.

The trial court noted the defendant's history in these cases. It found that the defendant had violated the conditions of his probation relative to the reporting and curfew requirements. It concluded that, given the defendant's history, the violation constituted willful disobedience to the conditions. It revoked the defendant's probation.

The defendant contends that his substantial compliance with the "important things," such as not using or selling drugs and working, warrant a conclusion that the violations did not rise to the level of justifying full revocation of probation.

It is within the trial court's discretion to revoke the defendant's probation if it finds by a preponderance of the evidence that the defendant has violated a condition of that probation. T.C.A. §§ 40-35-310 and -311(d); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). For an appellate court to find an abuse of discretion and reverse a trial court's revocation of probation, it must be demonstrated that the record contains no substantial evidence to support the conclusion of the trial court that a

3

violation of the conditions of probation has occurred.  See State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

In the present case, the defendant admitted that he did not comply with all the conditions of his probation.  The trial court attached significance to this because of the defendant's prior violations of earlier conditions for release in the community.  Such was justified under the evidence.  We believe that the record reflects that the trial court made a conscientious and intelligent judgment to revoke probation under the evidence.  See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).  The judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
David H. Welles, Judge

4