IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville December 18, 2013

**STATE OF TENNESSEE v. GEORGE P. FUSCO**

**Appeal from the Criminal Court for Davidson County**
**No. 2007-D-3280    Monte Watkins, Judge**

**No. M2013-00991-CCA-R3-CD - Filed January 28, 2014**

Appellant, George P. Fusco, pleaded guilty to two counts of sexual battery by an authority figure and received a five-year sentence for each count, to be served concurrently. He served six months in confinement, and the remainder of his sentence was suspended to probation. A violation of probation warrant was subsequently filed, alleging that appellant drove an unregistered vehicle, owed $420 in "GPS fees," used or possessed an alcoholic beverage, and violated regulations regarding Halloween trick-or-treaters. The trial court revoked his probation, and this appeal follows. Appellant now alleges that the trial court denied him procedural due process by failing to make adequate factual findings regarding the evidence supporting his probation revocation, that the trial court abused its discretion when it revoked his probation, and that the relevant Halloween probation conditions are unduly restrictive. Following our review, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Andrew B. Love (on appeal) and William Conway (at hearing), Nashville, Tennessee, for the appellant, George P. Fusco.

Robert E. Cooper, Attorney General and Reporter; Caitlin E.D. Smith, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Sharon Reddick and Hugh Ammerman, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

## I. Facts and Procedural History

A violation of probation warrant was issued on January 13, 2013. The trial court held a hearing regarding the probation violation on March 27, 2013.

At the hearing, the State presented a probation officer, Mr. Donald Rietdorf, as a witness. He testified that he supervised appellant for approximately six months before he was reassigned to work in a different office. Mr. Rietdorf stated that appellant violated his probation during that time by violating "rule one," which required appellant to "obey the laws of the United States, or any state," by "driving a vehicle not listed on his sex offender registry;" and by violating "rule nine," which required appellant to "[p]ay all required fees of supervision criminal injuries fund," by owing $420 in "GPS fees." Mr. Rietdorf also stated that appellant violated "rule number twelve," which requires sex offenders to abide by specialized probation conditions." He stated that of these specialized conditions, appellant violated "number four," which required appellant not to "use or possess any alcoholic beverages or any other mind-altering substances," by having alcohol in his home on Halloween. Mr. Rietdorf stated that appellant violated "number six" of the special conditions, which requires that he drive a vehicle registered with the "TBI sex offender registry monitoring program," by driving an unregistered vehicle. Lastly, appellant violated "number nine" of the special conditions, which required appellant to "not enter into any contact with any child under eighteen or anyone who is unable to give consent." Mr. Rietdorf stated that part of this requirement was that on Halloween, appellant must have had his "lights . . . turned off at the house, there is no trick or treating, no candy, none of that." He testified that on Halloween, when the probation officers checked appellant's home, another man, Mr. Weary, answered the door holding a bowl of candy. Appellant was inside the home.

On cross-examination, Mr. Rietdorf stated that the unregistered vehicle appellant was driving belonged to appellant's employer and that whenever appellant changed vehicles, he had forty-eight hours to register that vehicle. Appellant was also required to pay the probation office $65 each month in fees. Mr. Rietdorf testified that on Halloween, appellant was not in possession of the alcoholic beverage, but rather, Mr. Weary's wife had a glass of wine. Mr. Rietdorf stated that appellant was employed by Mr. Weary and lived with Mr. and Mrs. Weary. He also stated that the porch lights were on when they approached appellant's home.

Appellant called John F. Weary, Jr., to testify on his behalf. Mr. Weary stated that he knew appellant through appellant's former girlfriend. Mr. Weary explained that appellant

used one room and one bathroom in his home but that the rest of the house belonged to him and his wife. Appellant also worked for Mr. Weary by repairing equipment and helping load and unload Mrs. Weary's catering vans. Regarding the incident on Halloween, Mr. Weary stated that appellant did not distribute any candy, drink any alcohol, or have any alcohol in his room. Mr. Weary stated that he had his porch light on and that he was giving out candy but that he turned his porch light off and stopped giving out candy when directed to do so by the probation officers. He stated that his wife had the alcohol on Halloween and that since this incident, he has removed all the alcohol from his home. Since this incident, Mr. Weary has registered every company vehicle "that has a license plate on it that is driven" on appellant's sex offender registry. Mr. Weary also testified that Mr. Rietdorf told appellant that his bill was incorrect because he had been "overbilled based on the ala carte amount not the daily amount" and that Mr. Rietdorf would correct the error.

On cross-examination, Mr. Weary stated that appellant pays his rent by working ten hours per week unpaid and then is paid $15 per hour for work exceeding those ten hours. Appellant also performed lawn care and vehicle maintenance for Mr. Weary. Mr. Weary explained that he provided appellant a room in his home because he believed that appellant had been wrongly accused initially. Mr. Weary stated that his understanding of the probation rules regarding Halloween was that the rules applied to appellant's residence, his bedroom, and not Mr. Weary's entire home and that appellant did not hand out candy, greet the children, or go near the front door.

After hearing this proof, the record reflects that the trial judge stated the following on the record:

> It is, obviously, difficult for one who is charged with a sex offense. It's difficult to comply with all the conditions because there are so many conditions. But some people are able to do so. I think, in this particular case, there is a little push on both sides here, from the probation department, as well as Mr. Fusco. And what Mr. Fusco has to do is to be in strict compliance. And if he is in strict compliance, although difficult, he will not have any issues.

> So, I will sustain the violation. I am -- I have some concern, that, you know, about -- and I understand the reason behind having very strict conditions, but, you know, I have some concerns about some of these conditions. So, I am going to make him serve sixty days[,] and if he violates, there is a -- well, I'll just have him serve sixty days. I will deal with the matter if it comes up again.

Therefore, trial court entered an order revoking appellant's probation for sixty days but did not issue any written findings of fact or state the legal basis for the revocation. The trial court also denied appellant's motion for an appeal bond.

## II.  Analysis

On appeal, appellant argues that: (1) the trial court denied him procedural due process by failing to make adequate factual findings regarding the evidence supporting his probation revocation; (2) the trial court abused its discretion when it revoked his probation; and (3) the relevant probation rules regarding Halloween are unduly restrictive of appellant's liberty under Tennessee Code Annotated section 40-35-303(d)(9). The State responds that the trial judge's factual findings were sufficient to satisfy due process requirements and that the trial court properly revoked appellant's probation. We conclude that the trial court failed to make adequate findings regarding appellant's probation violation. We reverse the trial court's judgment and remand to the trial court for further proceedings consistent with this opinion.

### A.  Due Process

Appellant argues that the trial judge violated appellant's due process rights by failing to make adequate findings of fact when revoking appellant's probation. A defendant at a probation revocation proceeding is not entitled to the full array of procedural protections associated with a criminal trial. *See Black v. Romano*, 471 U.S. 606, 613 (1985); *Gagnon v. Scarpelli*, 411 U.S. 778, 786-790 (1973). In *Practy v. State*, this court reiterated the "minimum requirements of due process" during probation revocation proceeding, stating that a probationer is entitled to:

> (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

*Practy v. State*, 525 S.W.2d 677, 680 (Tenn. Crim. App. 1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)); *see Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). A trial court

can comply with subsection (f) by making findings of fact on the record. *State v. Delp*, 614 S.W.2d 395, 397 (Tenn. Crim. App. 1974).

Here, the trial court did not make any written findings but made a statement on the record. However, unlike in *Delp,* where "the trial judge made detailed findings orally from the bench at the conclusion of the hearing," *id.* at 397, that consumed approximately three and a half typewritten pages in the record, the record here reflects that, in two paragraphs, the trial judge noted his concern with the exacting conditions of appellant's probation but also noted that appellant was required to be in strict compliance with those conditions. Also, during the questioning of a witness, the trial court stated, "Let me stop right here. I don't care about the van. Okay? About him driving some unregistered van. That's not my concern. These other matters I'm concerned with." The trial court made no other findings of fact regarding what it relied on and the reasons for revoking appellant's probation.

Prior to the court's determination, it heard from two witnesses and was presented with documentary exhibits. However, the trial court failed to elucidate what facts it relied on and the specific reasons for which it revoked appellant's probation and, therefore, failed to substantially comply with the procedural requirements of due process. Because the trial court held a proper evidentiary hearing, we reverse the judgment of the trial court and remand for entry of a written order detailing the evidence it relied upon and the reasons for revoking appellant's probation.

### B. Probation Revocation and Conditions on Probation

Appellant argues that the trial court abused its discretion by revoking his probation. However, because the trial court failed to state which facts it relied on when revoking appellant's probation, we are unable to determine if the trial court abused its discretion.

### C. Conditions on Probation

Appellant argues that the relevant Fall Festival/Halloween Restrictions for Sex Offenders are unduly restrictive of his liberty. However, because the trial court failed to state which facts it relied on when revoking appellant's probation, we are unable to address this issue absent further findings from the trial court.

**CONCLUSION**

Based on the parties' arguments, the record, and the applicable law, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

_____

ROGER A. PAGE, JUDGE