IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 1, 2015

## STATE OF TENNESSEE v. JOHN FRANK MULLINS

**Appeal from the Circuit Court for Dyer County**
**No. 10CR393     R. Lee Moore, Jr., Judge**

_____

### No. W2015-00916-CCA-R3-CD  -  Filed September 28, 2015
_____

Defendant, John Frank Mullins, pled guilty to theft of property valued over $1000 and was sentenced to eight years on Community Corrections. After a hearing, the trial court found that Defendant violated the terms of his Community Corrections sentence, revoked the Community Corrections sentence, and ordered Defendant to serve the remainder of his sentence in incarceration. On appeal, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

James E. Lanier, District Public Defender; Sean P. Day, Assistant Public Defender (on appeal); and Timothy Boxx, Assistant Public Defender (at hearing), for the appellant, John Frank Mullins.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; C. Phillip Bivens, District Attorney General; and Karen Burns, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Facts and Procedural Background*

This is Defendant's appeal from the Dyer County Circuit Court's revocation of his Community Corrections sentence and order that he serve the remainder of his sentence in incarceration.

On August 23, 2011, Defendant pled guilty to one count of theft of property valued over $1000. On October 25, 2011, the trial court imposed a sentence of eight years to be served on Community Corrections. On June 7, 2012, a Community Corrections violation report was filed against Defendant, alleging that he violated the rules of Community Corrections. On April 1, 2014, the violation report was supplemented to add an additional allegation.

The trial court held a violation hearing on May 19, 2014. Westate Community Corrections Officer Chuck Wade testified that he had supervised Defendant since October 2010.[1] Officer Wade testified that Defendant did not show up for regularly scheduled meetings on May 7, May 14, and May 21, 2012. Defendant did not provide an excuse for missing the meetings. On May 18, Officer Wade went by Defendant's house, and he was not home. On May 20, Officer Wade spoke to Defendant's son who said that Defendant had left and that he did not know where Defendant was. Defendant did not have permission to leave his home or to move and did not provide a forwarding address. Officer Wade did not have any contact with Defendant after May 2012. Additionally, Defendant was arrested for theft of property valued under $500 on January 28, 2014. That charge was still pending at the time of the hearing.

Defendant testified that he had been recently diagnosed with "impulse control, [obsessive compulsive disorder] traits, bipolar disorder, general anxiety, and depression." He was prescribed Prozac in August 2013 to address these issues. Defendant testified that he stays at home, only going to the Veteran Administration's Hospital for treatment. However, Defendant did not report to his Community Corrections officer after he began receiving the medication or after his arrest on the theft charge. As to the theft charge, Defendant explained that he cashed a check that had been written to him but that he never received a certified letter stating that it was a bad check. He denied that he wrote the check.

The trial court found that Defendant had an extensive criminal history, including twelve prior Class D or E felonies and several convictions for forgery, theft, and receiving stolen property. The trial court found that Defendant stopped reporting to Community Corrections and that he absconded. The trial court revoked Defendant's Community Corrections sentence and ordered that he serve the remainder of his sentence in incarceration. Defendant now appeals.

---

[1] The original Judgment indicates the sentence was imposed on October 25, 2011.

*Analysis*

Like probation, Community Corrections is a "community based alternative[] to incarceration" available to certain "nonviolent felony offenders." T.C.A. § 40-36-103; *see State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). The same principles that apply in the revocation of probation also apply to the revocation of Community Corrections. *Harkins*, 811 S.W.2d at 83. The decision to revoke a Community Corrections sentence rests within the sound discretion of the trial court and will only be overturned upon a showing of an abuse of discretion. *Id.*; *State v. Beard*, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

The trial court is only required to find that a violation of one of the terms of a Community Corrections sentence occurred by a preponderance of the evidence. T.C.A. § 40-35-311(e). If the trial court determines that a violation has occurred, the court has the authority to revoke the Community Corrections sentence and may "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." T.C.A. § 40-36-106(e).

The record in this case contains substantial evidence to support the conclusion of the trial judge that Defendant violated the terms of his Community Corrections sentence. Defendant's Community Corrections officer, Officer Wade, testified that Defendant missed three scheduled meetings. Additionally, Defendant was not home when Officer Wade went to check on him, and Defendant's son did not know where he was. Defendant did not have permission to leave or to move and provided no forwarding address. Officer Wade had no contact with Defendant for nearly two years, during which time Defendant's whereabouts were unknown. Defendant admitted that he did not report to his Community Corrections officer even after he began treatment for the various mental illnesses that supposedly caused him to abscond. Finally, Defendant was arrested for theft and did not report his arrest to Officer Wade. The trial court did not abuse its discretion in revoking Defendant's Community Corrections sentence and ordering the service of the remainder of his sentence in incarceration.

*Conclusion*

Based on the foregoing, we affirm the decision of the trial court.


_____

TIMOTHY L. EASTER, JUDGE