# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs April 28, 2010

## STATE OF TENNESSEE v. VINCENT BYRON ROSE

**Appeal from the Criminal Court for Sullivan County**
**No. S52,950     R. Jerry Beck, Judge**

---

**No. E2009-02396-CCA-R3-CD - Filed June 10, 2010**

---

The defendant, Vincent Byron Rose, appeals from the trial court's order revoking his probation and ordering that he serve his sentence in confinement. Discerning no error in the judgment of the trial court, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and J.C. MCLIN, J., joined.

Terry Jordan, Assistant District Public Defender, for the appellant, Vincent Byron Rose.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Tara Trent, Assistant District Attorney General Pro Tempore, for the appellee, State of Tennessee.

## OPINION

On November 10, 2008, the defendant pleaded guilty in the Sullivan County Criminal Court to assault and reckless endangerment in exchange for an effective sentence of 11 months and 29 days to be served on probation. On April 29, 2009, a probation violation warrant issued alleging that the defendant had violated the terms of his probation by using alcohol, as established by his being charged with driving under the influence, and by failing to complete court-ordered community service. On June 25, 2009, a second probation violation warrant issued alleging that the defendant had violated the terms of his probation by committing an assault and by failing to complete community service.

At the probation revocation hearing, the State presented certified copies of the

defendant's conviction judgments for assault and driving under the influence garnered after he was placed on probation. In addition to these certified copies being placed into evidence, defense counsel noted that the defendant was guilty of those offenses.

Tennessee Board of Probation and Parole Officer Tim Trantham testified that he had supervised the defendant's probation since November 10, 2008, and that the defendant had violated the terms of his probation by being charged with driving under the influence and aggravated assault and by failing to complete any of the 120 hours of community service ordered by the court. Mr. Trantham testified that the defendant was employed at "the Robinette Company."

Mr. Trantham admitted during cross-examination that the defendant had presented "medical information" regarding his inability to perform the community service work but that he had not done so until October 20, 2009, well after the probation violation warrants had been filed.

The defendant testified that he lived in Bluff City with his mother, wife, daughter, and son. He stated that he received his driving under the influence conviction after he was stopped for speeding while he "was test driving a vehicle." He said that he entered an *Alford* guilty plea to assaulting his 17-year-old son as a lesser included offense of aggravated assault in the general sessions court.[1] The defendant claimed that his son had also pleaded guilty to assaulting him and that he intended to file a petition for post-conviction relief in that case.

The defendant testified that he was the sole provider for his mother, wife, daughter, and son, and that he would "lose [his] house for sure" if incarcerated. He said that he needed surgery on his back and that both his wife and daughter needed surgery, too. The defendant stated that medical insurance provided by his employer would cover the cost of the surgeries but that he would lose his job if incarcerated for an extended period of time.

Regarding his failure to perform community service, the defendant claimed that he had provided his 2007 medical records to Mr. Trantham. He described his medical problems, "Well, of course, I've got bad knees. But I've got a – a disease that affects my spinal cord. I'm supposed to have the C5 disc removed and a donor bone, you know, put back in it's place; and the . . . 3, 4, 5, 6, and 7 fused back together." The defendant testified that he "was under the assumption that . . . that part would be waived as far as . . . the

_____

[1]In *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), the United States Supreme Court held that a criminal defendant may enter a guilty plea without admitting guilt if the defendant intelligently concludes that his best interests would be served by a plea of guilty.

community service." He claimed that Mr. Trantham "never brought up" the issue of his performing community service during his monthly meetings and that "it just popped up after [he] got this DUI."

The defendant asked the court to "give him a chance" and stated that he did not want his family "to have to suffer for . . . another mistake that [he] made." He emphasized that he would lose his job if incarcerated and that he would lose his home if he lost his job. He asked the court to allow him to serve some incarceration on the weekends so that he could maintain his employment.

During cross-examination, the defendant said that he did not know that driving after taking Lortab would be driving under the influence. As to the assault of his son, the defendant said, "[H]e assaulted me first." The defendant admitted that even with his medical problems he maintained full-time employment as a maintenance mechanic at the Robinette Company.

The defendant's wife, Ann Yvonne Rose, testified that she and the defendant lived with their son and daughter and the defendant's mother. She said that the defendant's income is the only financial support for the family. She stated that should the defendant lose his job, they would lose their home and that their daughter would not be able to attend college. She stated she did not know where she and the children would go because they had no family in Tennessee and she was "not allowed to leave the state of Tennessee." She said that the defendant's mother "draws Social Security" but does not help with the household expenses.

At the conclusion of the hearing, the trial court ruled that the defendant violated the terms and conditions of his probation by being convicted of driving under the influence and assault. The court concluded that the State had failed to establish that the defendant had violated his probation by failing to complete community service. The court ruled that the defendant would be required to serve his 11-month and 29-day sentence in confinement.

We consider the defendant's claims with a few well-settled principles in mind. Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." T.C.A. § 40-35-311(e) (2006); *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The revoking court may extend the period of probation supervision for a period not to exceed two years. *Id.* § 40-35-308(c).

The decision to revoke probation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling in the absence of a showing that the trial court abused that discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). "In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *Harkins*, 811 S.W.2d at 82 (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)).

In this case, the defendant admitted that he violated the terms of his probation by driving while intoxicated and assaulting his 17-year-old son. On appeal, he again concedes that he violated his probation but argues that the trial court erred by ordering that he serve his sentence in confinement. The defendant essentially asks this court to reverse the imposition of a fully incarcerative sentence on the basis of the hardships that incarceration will pose on the defendant's family. Although we comprehend the defendant's plight, we are without authority to reverse the judgment of the trial court in light of the defendant's clear violations of his probationary terms. In consequence, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE