IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 18, 2009

## STATE OF TENNESSEE V. FRANKLIN A. CHRISTY

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR5829      Robert E. Burch, Judge**

_____

**No. M2009-00460-CCA-R3-CD - Filed November 2, 2010**

_____

Defendant, Franklin A. Christy, appeals the trial court's order revoking his probation and ordering him to serve his sentence in confinement. In this appeal, Defendant acknowledges that the evidence showed he violated the terms of his probation. However, he argues that the trial court should have sentenced him to community corrections rather than order service of the sentence by incarceration. After full review we affirm the order of the trial court.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

William B. "Jake" Lockert, III, District Public Defender, Ashland City, Tennessee, for the appellant, Franklin A. Christy.

Robert E. Cooper, Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Billy Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Background

On May 14, 2002, Defendant entered a plea of guilty in the Circuit Court of Dickson County and was convicted of incest and attempt to commit aggravated sexual battery. He received concurrent sentences for an effective six-year sentence as a Range I standard offender. Defendant was ordered to serve one year in the county jail with the balance on

probation. A probation violation warrant was issued on November 13, 2003, alleging that Defendant had violated his probation by changing residence without permission, failing to report, and failing to attend sexual abuse counseling.

At the revocation hearing, Paul Arnold, an employee of the Tennessee Board of Probation and Parole, testified that Defendant's initial probation officer filed the violation report in 2003. After the report was filed, Defendant absconded. Mr. Arnold testified that Defendant had been assigned to him for approximately six months, and Defendant never reported to him.

Defendant admitted to violating his probation. He testified that he had been in prison in Arkansas for the past five years for a conviction of second degree sexual battery. He was released on November 7, 2008. Defendant claimed that he did not realize that Tennessee had a "hold" on him until the day before his release. He testified that he obtained his GED while in prison, took a Bible study course, and became an ordained minister. On cross-examination, Defendant testified that it was one year from the time that he was convicted in Tennessee and was placed on probation until the time he went to prison in Arkansas. He visited his probation officer every month until he left for Arkansas on October 8, 2003. Defendant testified that he went to Arkansas to get a job and was then arrested for second degree sexual battery. He was incarcerated in Arkansas on November 8, 2003. Upon questioning by the trial court, Defendant said that he last reported to his probation officer on September 19, 2003.

The trial court found that Defendant had violated his probation and ordered him to serve the balance of his six-year sentence in confinement.

## II. Analysis

Initially, Defendant's brief in this matter is inadequate to allow a meaningful review of the issue that he raises. Defendant's entire argument consists of the following:

> The Trial Court erred in revoking the Appellant's probation. The Trial Court should have placed the Appellant on Community Corrections based on his obtaining a degree while in prison and becoming an ordained minister. The Appellant's accomplishments during prison and his candor with the court show him to be a good candidate for Community Corrections. He is a prime candidate for Community Corrections and should have been ordered to serve the TDOC sentence on Community Corrections.

Rule 27(a)(7) of the Tennessee Rules of Appellant of Procedure states that an appellant's brief shall contain the following with respect to an argument:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a)(7)(A)-(B). Under Rule 10(b) of the Rules of the Court of Criminal Appeals, "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this Court." Defendant's argument does not contain any references to the record, a concise statement of the applicable standard of review, or citation to any legal authority. In any event, we will briefly address the issue raised by Defendant.

Defendant does not dispute that he violated the terms of his probation. However, he argues that the trial court should have sentenced him to community corrections rather than incarceration.

A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e) (2006); *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). A revocation will be upheld absent a showing that the trial court abused its discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). In order to establish that the trial court has abused its discretion, the defendant must show that there is no substantial evidence to support the determination that he violated his probation. *Id.* (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief will be granted only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d

424, 427 (Tenn. Crim. App. 1995). This Court has held "that an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CCA-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), *perm. app. denied* (Tenn. 1999).

We conclude that upon revoking Defendant's probation, the trial court did not abuse its discretion in ordering Defendant to serve his original sentence in confinement. The court was under no obligation to consider a sentence of community corrections. Defendant is entitled to no relief in this appeal.

## CONCLUSION

Based on a thorough review of the record, the brief of the parties, and the law governing the issue presented for review, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE