IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 12, 2019

**STATE OF TENNESSEE v. TIMOTHY JUNIOR PARKER**

**Appeal from the Circuit Court for Humphreys County**
**No. 12895    Suzanne Lockert-Mash, Judge**

_____

**No. M2017-02067-CCA-R3-CD**

_____

Defendant, Timothy Junior Parker, complains on appeal that the trial court improperly ordered him to serve the balance of his consecutive two-year sentences upon finding that Defendant had violated the conditions of probation. Because the trial court did not abuse its discretion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

William B. Lockert III, District Public Defender, and Drew W. Taylor, Assistant District Public Defender, for the appellant, Timothy Junior Parker.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; Ray Crouch, District Attorney General; and Joseph Hornick, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 8, 2014, Defendant pled guilty to solicitation of a minor and exploitation of a minor by electronic means. As a result of his plea, Defendant received a two-year suspended sentence for solicitation of a minor and a consecutive two-year suspended sentence for exploitation of a minor by electronic means. After Defendant's probation officer reported an alleged violation, the trial court filed a probation violation warrant on May 31, 2017.

At the probation revocation hearing, Keith Lutts, Defendant's probation officer in Humphreys County, testified that he began his supervision of Defendant on October 28, 2015. At some point during his probationary term, Defendant needed to transfer his probation supervision to Davidson County to receive medical treatment for an "intestinal issue." However, during Defendant's time in Davidson County, he was "kicked out" of the apartment where he was staying. When Defendant "became homeless," he was reassigned to Mr. Lutts's supervision in Humphreys County. Defendant was required to report to Mr. Lutts in Humphreys County on May 1, 2017, but he failed to appear.

Mr. Lutts filed a violation report and alleged that on May 1, 2017, Defendant broke multiple rules set forth in the probation order. First, Mr. Lutts alleged that Defendant broke "Rule No. 1" by failing to properly charge his GPS monitor, which caused the battery to fail, and by failing to report and update the Sex Offender Registry within forty-eight hours, as required. As a result of the GPS monitor's battery dying, the probation office searched for Defendant at his last known location in White Bluff, Tennessee, but he was not located.

Second, Mr. Lutts alleged in the violation report that Defendant broke "Rule No. 5" by failing to report back to Humphreys County from Davidson County. At the revocation hearing, Mr. Lutts explained that Defendant broke this rule when he did not report after being kicked out of his apartment in Davidson County.

Finally, Mr. Lutts alleged in the violation report that Defendant broke "Rule No. 12" by failing to report and by failing to update his current address. Mr. Lutts expounded at the revocation hearing by saying,

> [H]e's required to report back within 48 hours when he has a change of address. I called and told him he had to report back to Humphreys County[;] he said he wasn't coming back to Humphreys County that he was going to stay at The Room at [the] Inn, at the rescue mission. I told him he couldn't stay there because, (1) because it's within a school zone and (2) he doesn't have permission to be up there outside of Humphreys County once he got suspended and sent back to Humphreys County from his previous charge.

Mr. Lutts explained on cross-examination that he should have been notified by emergency services or law enforcement if Defendant had been transported from White Bluff to Davidson County for a medical emergency.

During his testimony at the revocation hearing, Defendant explained that, in February of 2017, a church had supplied him an apartment to stay at while he received medical treatment in Nashville, Tennessee. Defendant transferred his probation to

Davidson County because he needed specialized medical care and received treatment for Crohn's disease and colon cancer at Vanderbilt hospital. During this period of time, Defendant also searched for work in Davidson County. Eventually, Defendant's medical condition required surgery and the installation of a colostomy bag on March 22, 2017. During a second stay in the hospital at the end of March, Defendant lost his apartment because he could not pay his rent and had an unauthorized roommate. On April 10th, Defendant had emergency surgery for a "prolapsed stomach," which required a hospital stay of about a week. Defendant explained that he was unable to work because he had "47 staples in [his] stomach" and he could not lift "more than 10 pounds." Even though he had lined up a job in Nashville, his medical condition prevented him from working for six to eight weeks.

Defendant claimed that he spoke with his probation officer in Davidson County, Teresa Sharp, about moving back to Waverly, Tennessee. She told Defendant that a move to Waverly would require a probation transfer. Defendant said that upon his release from Vanderbilt hospital, he spoke with a social worker named "Melanie." Defendant remembered "Melanie" calling Defendant's probation officer and receiving word that Defendant was approved to stay at The Room at the Inn. Defendant said that, at one point, he was crying and begging Ms. Sharp to allow him to go back to Waverly, but that Ms. Sharp told him that he was only approved to stay at The Room at the Inn.

With this information, Defendant went to stay at The Room at the Inn. Defendant claims that he was not aware that The Room at the Inn was within 1000 feet of a school and that he knew other sex offenders who lived there. Defendant stayed at The Room at the Inn for two or three weeks and was readmitted to the hospital multiple times during this period. Defendant stayed at The Room at the Inn for the entire month of June and until the Metropolitan Nashville Police picked him up on July 6, 2017.

When asked about his failure to maintain the battery on his GPS ankle monitor, Defendant explained that a "bad situation" happened on his way back to Nashville from visiting his mother's grave on April 30th. Somehow, Defendant became so dehydrated that he "passed out in the woods" in White Bluff, Tennessee. When he awoke, his ankle monitor had died, and Defendant did not have a charger. Defendant further expounded,

> I didn't have nothing. I ended up making it to the CB store. I was having seizures. My colostomy bag come off. I had urinated all over myself. I had poop all over me. My phone did not work anymore evidently I didn't have no time. I didn't have no way to put no time on; but I could call 911.

Defendant called 911, and an ambulance picked him up. The ambulance took Defendant to Dickson hospital, where he stayed until May 4th or 5th. Once released from Dickson

hospital, Defendant went to Vanderbilt and then returned to The Room at the Inn. Defendant attempted to recharge his ankle monitor, but he was not successful.

Defendant claimed that he was unaware that his probation had been transferred to Humphreys County and that upon his return to Nashville, he sent text messages to Ms. Sharp to notify her of his whereabouts. Defendant claimed that the situation was a "big miscommunication" or "big misunderstanding," and assured the trial court that he would report if reinstated to probation.

After Defendant's testimony, the State called Mr. Lutts as a rebuttal witness. Mr. Lutts testified that there was no paperwork in Defendant's file indicating he had been in touch with his Davidson County probation officer after March of 2017 and that there was no paperwork in Defendant's file indicating he had been approved to stay at The Room at the Inn. Mr. Lutts testified that subsequent communications with a probation officer or approval for Defendant to stay at a place like The Room at the Inn would have been recorded in Defendant's file.

At the conclusion of the revocation hearing, the trial court reviewed the evidence and found that sufficient proof had been presented that Defendant violated his probation. The trial court entered an order fully revoking Defendant's suspended sentences and imposing Defendant's original sentences.

*Analysis*

Defendant argues on appeal that the trial court erred in revoking his probation and ordering him to serve the balance of his sentence because the trial court failed to consider Tennessee Code Annotated section 40-35-103(4), which states, "The sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Also, Defendant contends that the trial court should have placed him on an extended period of probation or on the Community Corrections program. In response, the State points out that the Defendant's argument about section 40-35-103(4) is misplaced and maintains that the trial court did not abuse its discretion when it reinstated Defendant's sentence. We agree with the State.

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310. The revocation of probation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d

79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

This Court's previous opinions make it clear that Defendant's claim that the trial court should have considered Tennessee Code Annotated section 40-35-103(4) is misplaced. A defendant may not be resentenced under the sentencing guidelines as the result of probation violation. *State v. Calvin Reeves*, No. M2002-02976-CCA-R3-CD, 2004 WL 1488570, at *2 (Tenn. Crim. App. July 2, 2004), *no perm. app. filed*. At a probation hearing, the trial court lacks the authority to impose a new sentence or increase the length of the original sentence. *State v. Steven Thacker*, No. M2011-01061-CCA-R3-CD, 2012 WL 1072005, at *3 (Tenn. Crim. App. Mar. 28, 2012) (citing *Calvin Reeves*, 2004 WL 1488570, at *2), *no perm. app. filed*. Thus, a trial court is not required to consider the sentencing statute when revoking a defendant's probation. *Id.*

The record supports the trial court's finding that Defendant violated the conditions of his probation. The testimony of Mr. Lutts clearly illustrated that Defendant failed to report on May 1, 2017. Though Defendant testified that he was in a dire situation and claimed that he continued to report to his Davidson County probation officer, Mr. Lutts's rebuttal testimony refutes Defendant's claims that he was reporting to and acting with the permission of a probation officer. Additionally, Defendant failed to properly maintain his GPS monitor, and when the monitor died, Defendant violated another condition of his probation. Therefore, the trial court did not abuse its discretion by revoking Defendant's probation and imposing his original sentence.

*Conclusion*

For the aforementioned reasons the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE