IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 27, 2019

**STATE OF TENNESSEE v. CECIL BERNARD SKYLES, JR.**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 297896, 304632        Barry A. Steelman, Judge**

_____

**No. E2018-01376-CCA-R3-CD**

_____

Defendant, Cecil Bernard Skyles, Jr., pled guilty in two separate cases and received a sentence to serve on supervised probation. After multiple probation violations, the trial court revoked Defendant's probation and ordered his sentence into effect. Defendant appealed. After a review of the record, we determine that the trial court did not abuse its discretion. Consequently, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Steven E. Smith, District Public Defender, and Jay Perry, Assistant District Public Defender, for the appellant, Cecil Bernard Skyles, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Neal Pinkston, District Attorney General; and Brian Bush, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was indicted in March of 2016 by the Hamilton County Grand Jury in case number 297896 for aggravated stalking, domestic assault, false imprisonment, and violation of an order of protection. Defendant eventually pled guilty to aggravated stalking and domestic assault. Defendant received a two-year sentence on the aggravated stalking conviction and a sentence of eleven months and twenty-nine days on the domestic assault conviction, to be served consecutively. The sentences were ordered to

be served on "state supervised probation." The judgment forms also specified that Defendant was to have no contact with the victim and be subject to GPS monitoring.

On August 24, 2017, a probation violation warrant was filed against Defendant, alleging that Defendant had violated various terms of the sex offender registry. In early September, Defendant wrote a letter to the trial court asking for "consideration of release from [his] GPS monitoring device." In the letter, Defendant explained that he had been "found guilty" of an incident in Florida at the age of fourteen where he was "adjudicated delinquent and charged as an adult." When Defendant moved to Tennessee, he was on intensive probation for five years and complied with all of the requirements. Defendant also explained that he was in the process of a divorce and moving to a new residence. The trial court denied the request.

On December 4, 2017, the trial court dismissed the probation violation warrant filed in August and reinstated Defendant to probation. However, a mere one month later, on January 4, 2018, a second probation violation report was issued alleging that Defendant had tested positive for amphetamine, methadone, and methamphetamine. On February 12, 2018, Defendant waived his right to a hearing and conceded the violation of his probation. The trial court partially revoked Defendant's probation, ordering him to serve 90 days prior to be restored to state supervised probation.

On February 21, 2018, an "Addendum to Violation of Probation" was filed alleging that Defendant had been charged with aggravated assault on another inmate during the service of his 90 day incarceration. On March 15, 2018, Defendant again waived a hearing and conceded the violation. The trial court revoked probation for a second time, but chose to reinstate Defendant to state supervised probation "in lieu of further incarceration."

A short three weeks later, on April 4, 2018, Defendant was indicted by the Hamilton County Grand Jury for one count of aggravated assault in case number 304632.[1] On April 30, 2018, Defendant's probation was partially revoked, and Defendant was, for the fourth time, reinstated to probation. On that same day, Defendant pled guilty to the aggravated assault charge and was sentenced to serve three years on supervised probation, consecutive to the sentence in case number 297896.

Continuing the pattern, approximately one month later, on May 23, 2018, a probation violation warrant was filed alleging Defendant had again violated the terms of

---

[1] The Public Defender's Office did not represent Defendant on this charge because they had previously represented the victim.

his probation by testing positive for methamphetamine on May 1, 2018,[2] and May 11, 2018. On July 9, the trial court held a hearing on the most recent violation warrant. At the hearing, Christina Barnes, a "court liason" with the Tennessee Department of Correction Probation and Parole division testified that she had reviewed Defendant's records. She recounted Defendant's numerous violations, indicating that the most recent was the "fourth filed violation." She confirmed that the office of probation and parole had reviewed the rules of probation and that Defendant, because of his status as a sex offender, had been informed about the rules individually rather than in a group.

Defendant, who was forty years old at the time of the hearing, explained that he was placed on the sex offender registry in Florida at the age of fourteen. Defendant admitted that he had a failed drug screen but claimed he was "trying to get [his] life back on line" after his father's death in 2014. Defendant explained that he had "lost everything [he ever] had: [his] home, [his] clothes." He admitted the he failed a drug test administered on May 1. Defendant's unchallenged testimony was that the probation department told him that "it was free," and he was referred to what his counsel referred to as "some sort of resource classes or something."

Defendant explained that he set up classes three days a week to improve his life at the recommendation of probation and parole but that he was arrested before he could complete the classes. Defendant claimed he was not using drugs at the time of the hearing but admitted that he used drugs while incarcerated at Silverdale Correctional Facility. He tried to explain his positive drug screen on May 11th, claiming that there must have been drugs in the "food" where he was staying. However, Defendant admitted he used methamphetamine for the first time in January of 2018. Defendant admitted that he pled guilty to aggravated assault but claimed that someone "put [their] hands on [him]" and that he reacted in self-defense. Defendant asked the court for another chance.

On July 9, 2018, the trial court revoked Defendant's probation in case numbers 297896 and 304632, ordering him to serve the balance of his sentences in confinement. Defendant filed a timely notice of appeal in this Court.

*Analysis*

On appeal, Defendant argues that the trial court abused its discretion when it ordered his sentence in case number 304632 (aggravated assault) into execution because it was his first violation and he had been on probation for less than one month in that case. Defendant does not challenge the revocation of probation with respect to his other case. The State replies that the trial court did not abuse its discretion.

---

[2] The initial test on May 1st was positive, but when the test was sent to the lab for analysis, it came back as having been tampered with.

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310. The revocation of probation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

Defendant does not dispute the fact that he violated the terms of his probation by testing positive for methamphetamine. Defendant also does not challenge the revocation of his probation or the trial court's decision to order his eleven month and twenty-nine day sentence in case number 297896 into effect.[3] Instead, Defendant merely complains that the trial court should have been lenient because it was the first time he had violated probation in case number 304632. The trial court did not abuse its discretion. If anything, the trial court gave Defendant the benefit of the doubt time and time again, reinstating Defendant to probation four times in a period of nine months, only to be greeted with Defendant's a fifth violation of probation a little over two years after his initial conviction for aggravated stalking and domestic assault. There was substantial evidence in the record to show Defendant violated his probation yet again and repeatedly failed at community based alternatives to incarceration. Defendant is not entitled to relief on any and all sentences for which he still has incarceration time left to serve in both case numbers 297896 and 304632.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

_____

[3] Apparently, Defendant had already served the two-year sentence in that case.