IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2019

## STATE OF TENNESSEE v. GREGORY SCOTT WILBURN

**Appeal from the Circuit Court for Blount County**
**No. C-18849     Tammy M. Harrington, Judge**

_____

### No. E2018-01325-CCA-R3-CD

_____

The Defendant, Gregory Scott Wilburn, appeals as of right from the Blount County Circuit Court's revocation of his probation. The Defendant contends that the trial court abused its discretion in ordering the remainder of his sentence to be served in confinement. Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Raymond Mack Garner, District Public Defender (at revocation hearing), for the appellant, Gregory Scott Wilburn.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Tyler Braden Parks, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In 2010, the Defendant pled guilty to a violation of the Motor Vehicle Habitual Offenders Act. See Tenn. Code Ann. § 55-10-616. The Defendant was sentenced as a Range III, persistent offender to six years' probation. The trial court ordered the Defendant's sentence to be served consecutively to his sentence for a prior conviction for failure to appear.

On June 28, 2017, the trial court issued a violation warrant for the Defendant alleging that the Defendant had failed to report to his probation officer, had tested positive for amphetamine and methamphetamine, had failed to comply with his curfew, and had failed to make payments toward his court costs. On July 17, 2017, the trial court

placed the Defendant on "medical furlough." The Defendant was subject to GPS monitoring and placed on house arrest "except for necessary medical treatment."

On December 5, 2017, the trial court ordered that the Defendant's GPS monitor be removed so that he could seek medical treatment in Nashville. On April 27, 2018, the trial court issued an amended violation warrant for the Defendant alleging that the Defendant had failed to comply with the conditions of his medical furlough and classifying the Defendant as an absconder.

At the revocation hearing, the Defendant's probation officer testified that the initial violation warrant was issued because the Defendant had "failed to report as directed during the entire month of May 2017." The Defendant had also "tested positive and signed a voluntary admission form admitting to the recent use of valium and methamphetamines."

The Defendant then failed to report to his probation officer after his GPS monitor was removed in December 2017. When the Defendant's probation officer went to the Defendant's home "after a couple of months," he was "informed that [the Defendant] had not been there for a while." Prior to that, the Defendant had followed the rules of probation and his medical furlough, but "when the GPS came off [was] when [the Defendant] had the issues."

The Defendant testified that he had "stage four liver disease" and that the trial court had granted him a medical furlough "for treatment." The Defendant admitted that after his GPS monitor was removed he did not return to his home. Instead, the Defendant stayed with a friend and then with his sister. The Defendant testified that he "didn't have really an excuse" for not reporting to his probation officer. The Defendant admitted that his probation had previously been revoked in 2013 and that he was ordered to serve a year of confinement before being placed back on probation.

The Defendant's mother testified that the Defendant had lived with her and her husband until the Defendant's GPS monitor was removed and then the Defendant "left." The Defendant's mother testified that when the Defendant's probation officer visited her home, she told the officer that the Defendant "wasn't there." The Defendant's mother called the Defendant and told him that he needed to contact his probation officer. The Defendant's mother requested that he be placed on probation again but required to wear a GPS monitor.

The trial court found that it was "uncontested that [the Defendant] violated his probation" and the medical furlough order. The trial court was sympathetic to the Defendant's medical condition but noted that "everybody [had] bent over backwards to try to make sure that [the Defendant] didn't have to be incarcerated." Nevertheless, the

Defendant had his probation revoked in 2013, violated the terms of his release in 2017, was granted a medical furlough, and then absconded when his GPS monitor was removed. As such, the trial court ordered the remainder of the Defendant's sentence into execution.

The Defendant now appeals to this court. The Defendant does not contest the trial court's revocation of his probation. Instead, the Defendant contends that, due to his medical condition, the trial court abused its discretion in ordering him to serve the remainder of his sentence in confinement. The State responds that the trial court did not abuse its discretion in revoking the Defendant's probation and executing the remainder of his sentence.

The decision to revoke probation is in the sound discretion of the trial judge. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, "it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Id. (citing State v. Gear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)); see also State v. Farrar, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6. S.W.3d 235, 242 (Tenn. 1999)).

Upon finding by a preponderance of the evidence that a defendant has violated the conditions of his release, the trial court "shall have the right . . . to revoke the probation and suspension of sentence." Tenn. Code Ann. § 40-35-311(e). The trial court can then either "commence the execution of the judgment as originally entered" or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Id. However, this court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002).

Here, it is undisputed that the Defendant violated the conditions of his release. Initially, the Defendant failed to report to his probation officer and tested positive for narcotics. A violation warrant was issued, and the trial court granted the Defendant a medical furlough. The trial court later agreed to allow the Defendant to remove his GPS

monitor to seek medical treatment in Nashville. Once the GPS monitor was removed, the Defendant absconded. The probation violation's having been established by a preponderance of the evidence, it was within the trial court's discretion to order the Defendant to serve the remainder of his sentence in confinement. Accordingly, we conclude that the trial court did not abuse its discretion in revoking the Defendant's probation and ordering his sentence into execution.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE