IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 26, 2019

**STATE OF TENNESSEE v. DARRYL RAY WILSON**

**Appeal from the Circuit Court for Anderson County**
**Nos. B1C00153 & B1C00154     Donald R. Elledge, Judge**

_____

**No. E2018-01193-CCA-R3-CD**

_____

The Defendant, Darryl Ray Wilson, appeals as of right from the Anderson County Circuit Court's revocation of his probation. The Defendant contends that the trial court abused its discretion by relying on alleged violations that he was not provided notice of prior to the revocation hearing. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

J. Thomas Marshall, District Public Defender, for the appellant, Darryl Ray Wilson.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; David S. Clark, District Attorney General; and Anthony Craighead, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In June 2011, the Defendant pled guilty to possession of 0.5 grams or more of methamphetamine with intent to sell and failure to appear. See Tenn. Code Ann. §§ 39-16-609, -17-417. The trial court imposed a total effective sentence of eight years with 180 days to be served in confinement and the remainder suspended to supervised probation.

In April 2012, the trial court issued a violation warrant against the Defendant alleging that the Defendant failed to report to his probation officer between December 2011 and March 2012, that he failed to pay his required fees, and that he failed to comply with a referral to alcohol and drug treatment. A revocation hearing was held on July 29,

2016. The trial court revoked the Defendant's probation, reinstated it, and extended it by one year.

On September 2, 2016, the trial court issued a second violation warrant against the Defendant. The warrant alleged that the Defendant had failed to report to his probation officer, that he had changed his residence "without permission" and his "whereabouts [were] unknown," that he had failed to pay court costs, and that he had failed to provide "proof of employment or seeking employment" among other alleged violations. The trial court held a revocation hearing on June 1, 2018.

The Defendant's probation officer, LeAnn Wilson, testified that she assumed responsibility for the Defendant's supervision on February 1, 2018. Ms. Wilson testified that she had never seen the Defendant and that the Defendant had made no attempt to contact her. Ms. Wilson further testified that there was nothing in the Defendant's file showing that he had contacted or attempted to contact his former probation officer. Additionally, the Defendant's file contained no record that the Defendant was employed or that he changed his address. Ms. Wilson also testified that the Defendant was in "arrears" on paying his court costs.

The Defendant testified that after he was released for his first probation violation, he had a heart attack on August 1, 2016. The Defendant testified that he then went to Kentucky to "sign some papers" after his parents died and suffered two more heart attacks between August 11, and September 3, 2016. The Defendant admitted that he lived in Kentucky with his sister for four months without reporting his change of residence to his probation officer.

The Defendant admitted that he never reported to his probation officer after he was released for his first probation violation. The Defendant further admitted that he never contacted or met his original probation officer. The Defendant explained that he did not report because his "health issues" left him "fighting for [his] life." The Defendant further explained that he did not report because he "just figured [he] was already violated[,] so [he] didn't."

At the end of the revocation hearing, the trial court concluded that the Defendant had violated the conditions of his probation by failing to report to his probation officer. The trial court noted that Ms. Wilson "had basically never seen" the Defendant and that the Defendant admitted that he never reported to his original probation officer. The trial court also concluded that the Defendant had failed to pay anything toward his court costs. The trial court took judicial notice of its own records showing that the Defendant had not paid anything. The trial court further concluded that the Defendant changed his residence without informing his probation officer. The trial court then ordered the Defendant's

sentence into execution, noting that this was the second time that the Defendant had violated the terms of his probation.

The Defendant now appeals to this court. The Defendant contends that the trial court abused its discretion in revoking his probation. The Defendant argues that the trial court could not rely on anything that occurred after September 2, 2016, to support its revocation of the Defendant's probation because the Defendant was only provided notice of the violations alleged to have occurred prior to the issuance of the probation violation warrant. The State responds that the trial court did not abuse its discretion in revoking the Defendant's probation and ordering his sentence into execution.

The decision to revoke probation is in the sound discretion of the trial judge. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005). The judgment of the trial court to revoke probation will be upheld on appeal unless there has been an abuse of discretion. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion in a probation revocation case, "it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Id. (citing State v. Gear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)); see also State v. Farrar, 355 S.W.3d 582, 586 (Tenn. Crim. App. 2011). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6. S.W.3d 235, 242 (Tenn. 1999)).

Upon finding by a preponderance of the evidence that a defendant has violated the conditions of his release, the trial court "shall have the right . . . to revoke the probation and suspension of sentence." Tenn. Code Ann. § 40-35-311(e). The trial court can then either "commence the execution of the judgment as originally entered" or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration." Id. However, this court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002).

While "the full panoply of rights due a defendant" in a criminal prosecution do not apply to probation revocations, defendants are entitled to a minimum level of due process at a revocation proceeding. State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993). Generally, "revocation of probation based on grounds not alleged and noticed to the defendant is a violation of due process." State v. Chad Allen Conyers, No. E2004-00360-

-3-

CCA-R3-CD, 2005 WL 551940, at *4 (Tenn. Crim. App. Mar. 9, 2005). However, "even if the trial court relied on a ground for revocation not noticed to the defendant," such an error is harmless "if the trial court also relied upon properly noticed grounds supported by the evidence." State v. Fredrick R. Ross, Jr., No. M2016-02180-CCA-R3-CD, 2018 WL 1152005, at *4 (Tenn. Crim. App. Mar. 5, 2018).

Here, it was established by a preponderance of the evidence that from July 29 to September 2, 2016, the Defendant failed to report to his probation officer and failed to make any payments toward his court costs. Ms. Wilson testified that there was nothing in the Defendant's file reflecting that he contacted his probation officer or that he informed his probation officer of his change of residence. Ms. Wilson also testified that the Defendant was in arrears on paying his court costs. The trial court took judicial notice of its records reflecting that the Defendant had not made any payments toward his court costs. The Defendant admitted to never reporting to his original probation officer. The Defendant explained that he was focused on his "health issues" and that he "just figured [he] was already violated[,] so [he] didn't" report to his probation officer. Accordingly, we conclude that the trial court did not abuse its discretion in revoking the Defendant's probation and ordering his sentence into execution.

Upon consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-