FILED
11/15/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2019

**STATE OF TENNESSEE v. JUSTIN RYAN JOHNSON, ALIAS**

**Appeal from the Criminal Court for Knox County**
**Nos. 110295, 108649          Bobby R. McGee, Judge**

_____

**No. E2018-01457-CCA-R3-CD**

_____

Following a revocation hearing, the trial court revoked the probation of Defendant, Justin Ryan Johnson, and ordered confinement for his remaining sentence. On appeal, Defendant alleges the trial court abused its discretion and requests the revocation be reversed and his sentence be returned to enhanced probation. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT H. MONTGOMERY, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal) and Clinton Frazier, Maryville, Tennessee (at hearing) for the appellant, Justin Ryan Johnson, Alias.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Charme P. Allen, District Attorney General; and Jordan Murray, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

On August 8, 2016, Defendant pled guilty to five counts of theft. He received an effective six-year sentence, which the trial court suspended and ordered enhanced probation. As part of his probation, Defendant was required to complete the Exodus program in the jail and enter and successfully complete the Focus Ministries rehabilitation program. He was also required to submit to drug testing.

At the probation revocation hearing, Lisa Mooneyham, Defendant's probation officer, testified that Defendant was not compliant with the terms of his probation. On December 13, 2016, she filed a probation violation report stating Defendant had tested positive for opiates, cocaine, and methamphetamines and was negatively discharged from the Focus rehabilitation program. Upon being discharged, Defendant contacted Ms. Mooneyham. She told Defendant to stay at the mission and wait for instructions on how to turn himself over to the court. Defendant left the mission.

Ms. Mooneyham testified that Defendant was arrested on January 24, 2017, for burglary, theft, and criminal impersonation. On July 27, 2017, an amended probation violation was filed which included the details of the arrest. Defendant pled guilty to those charges on July 12, 2017. He received a sentence of five years, which was converted to enhanced probation to be aligned consecutively to the earlier theft cases' probation period of six years. The total probationary period amounted to eleven years. As part of this probationary decision, Defendant was transported to "Steps VA House and Knox Recovery Court." When asked how Defendant did in the programs, Ms. Mooneyham replied:

> Well, he didn't do well. Had some issues with him reporting. He gave me the impression it was just inconvenient to do Drug Court and Enhanced at the same time. So when he wouldn't report, I'd have to go to Steps House to find him. And I had to reiterate to him, look, you have to report to me - - not just to Drug Court, but to Enhanced probation as well, because you're on my supervision.

Ms. Mooneyham testified that she later discovered that Defendant had tested positive for methamphetamine at drug court on December 5, 2017, and again December 18, 2017. She said that Defendant also failed to report on November 27 and December 4, 2017. Ms. Mooneyham then filed a probation violation report.

Ms. Mooneyham testified that she directed Defendant to turn himself in, which he did on December 21, 2017. She said: "So I was hoping that was a turn-around for [Defendant]. He actually did what I told him, exactly. So he did turn himself in. I was willing to work with him still, after that, 'cause that gave me some hope that maybe he would be accountable for his actions when he did that.'" Ms. Mooneyham testified that Defendant remained in custody, and on January 10, 2018, he was placed back on enhanced probation. She said that Defendant was "ROR'd with the revocation opened. He went back to Knox Recovery Court and he was transported to the Drug Court house and to reside in their house and - - at that time and then a reset date for revocation." Defendant absconded from the Drug Court house on January 20, 2018, and an amended probation violation report was filed on January 24, 2018. Defendant did not contact Ms. Mooneyham after he left the Drug Court house, and she did not know his whereabouts.

When asked if she thought Defendant would succeed on any form of probation, Ms. Mooneyham replied:

> I had hoped that his pattern of behavior had changed when he turned himself in. It hasn't. It's - - he will not comply with any rules. He complains if you give him the rules. If you want him to report, he complains. He just will not - - he just - - he looks - - to me, the impression I get from him, he looks at probation as an inconvenience to him. That's how he sees it. And he has victims he must pay restitution to. He has convictions for felonies, which he must - - to be out in the community, to me, is a gift. He was given a gift to be returned to me three times on enhanced probation. I've done everything I know to work with [Defendant]. He just will not comply. He just will not comply.

On cross-examination, Ms. Mooneyham testified that she was aware of Defendant's military service, and he had told her that he suffered some ill effects from his service history. She was aware that Recovery Court was still willing to work with Defendant to address any PTSD issues that he has, as well as substance abuse problems.

While he did not testify, Defendant addressed the court and expressed his wishes to receive both substance abuse treatment and treatment for PTSD associated with his military service. Ron Hannover of the Knox County Recovery Court testified that the Recovery Court was willing to work with Defendant, and expressed a desire to place Defendant in a specialty PTSD clinic.

On July 13, 2018, the trial court issued a written revocation order for both probation periods and ordered Defendant to serve 11 years in confinement. On appeal, Defendant alleges the trial court abused its discretion by revoking his probation and ordering confinement for the remainder of his sentence.

*Analysis*

In Tennessee, a trial court may revoke probation and order the imposition of the original sentence upon a finding, by preponderance of the evidence, that the defendant has violated the conditions of his or her probation. Tenn. Code Ann. §§ 40-35-310, 311(e). The trial court has full discretionary authority to order the defendant to serve his or her sentence in confinement. *State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999). A trial court's judgment will not be disturbed absent an abuse of discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). An abuse of discretion occurs when "the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980).

The trial court in this case made the followings findings concerning the revocation of Defendant's probation:

> We give people multiple opportunities. But in this case, [Defendant] has previously received treatment. He has completed some treatments. He has been given repeated opportunities to succeed at probation.
>
> The strongest fact that the Court has to consider, this Court does have an obligation to the public, to protect them. And [Defendant] not only absconded from his probation, he committed three new criminal offenses while he was on probation. For many, many people - - many judges, that would pretty much eliminate any possibility of placing him on diver - - on probation again. But in [Defendant]'s case, he - - even after he was sentenced on the more recent cases, he had continued to be noncompliant with his probation.
>
> This Court's known Ms. Mooneyham for a long time. And she works very hard to try to keep people on probation. And she has come to the conclusion that [Defendant] for whatever reason, is simply not going to comply with supervision. So I - - this Court takes no pleasure in ever sending anyone to prison, but in this case, the welfare of the community and the failed - - repeated failed efforts of every - - every treatment and every supervision opportunity that we have have been to no avail.

In this case, the evidence clearly supports the trial judge court's finding that a violation occurred. Defendant does not challenge the violations themselves. He only challenges the decision of the trial court to order confinement. He admits he absconded from the Drug Court house, the basis for the revocation hearing. The record is replete with other instances of probation violations, including testing positive for methamphetamine and failing to report to his probation officer. In fact, while Defendant was on probation for the first offenses, for which he received six years probation in 2016, he committed burglary and theft.

Defendant was entitled to have the trial court consider enhanced probation in light of Defendant's history of issues with substance abuse and PTSD, but it was well within the trial court's discretion to determine the appropriate disposition of the case after a violation has occurred. The trial court did not abuse its discretion in ordering confinement for Defendant's sentence because there is a plethora of evidence in the record to support this decision. Upon finding that the Defendant violated the terms of his probation, it was within the trial court's authority to order the Defendant to serve his original sentence in confinement. *See* Tenn. Code Ann. §§ 40-35-310 and -311(e); *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of

alternative sentencing." *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); *see also State v. Timothy A. Johnson*, No. M2001-01362- CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). *State v. Makoyous Houston*, No. E2018-01118-CCA-R3-CD, 2019 WL 4274147, at *4 (Tenn. Crim. App. Sept. 10, 2019). Defendant is not entitled to relief on this issue.

## CONCLUSION

For the foregoing reasons, the decision of the trial court is affirmed.


_____
THOMAS T. WOODALL, JUDGE