IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 15, 2020

## STATE OF TENNESSEE v. CARLOS WILLIAMSON

**Appeal from the Criminal Court for Davidson County**
**No. 2016-D-2213        Cheryl A. Blackburn, Judge**

_____

### No. M2019-00898-CCA-R3-CD

_____

The Defendant, Carlos Williamson, pleaded guilty to aggravated burglary, aggravated assault, and evading arrest and agreed to allow the trial court to determine the length and manner of service of his sentence. The trial court subsequently ordered the Defendant to serve concurrent twelve-year, three-year, and four-year sentences, respectively, in confinement. On appeal, the Defendant contends that the trial court erred when it applied two enhancement factors to his sentence. After review, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Frank Ross Brazil, Nashville, Tennessee, for the appellant, Carlos Williamson.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Jordan F. Hoffman, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Background and Facts

On November 14, 2016, a Davidson County grand jury indicted the Defendant for aggravated robbery (Count 1), carjacking (Count 2), possession of a deadly weapon during the commission of a dangerous felony (Count 3), aggravated assault (Count 4), and evading arrest (Count 5). The Defendant pleaded guilty to aggravated robbery, aggravated assault, and evading arrest; the State dismissed the remaining two counts, Counts 2 and 3. The parties agreed to allow the trial court to determine the length and

manner of service of the Defendant's sentences. The pre-sentence report listed the following recitation of facts, which served as the basis for the Defendant's pleas:

[As to Counts 1 and 4] On July 6, 2016, at approximately 7:45 p.m., victims Elissa Richardson and Frederick Brown were robbed at gunpoint in the driveway of their home[.]

Ms. Richardson stated that she was contacted earlier in the evening by her cousin, Kierra Sweat, who asked if their mutual cousin [the Defendant] could come to her house for dinner. Ms. Sweat stated that [the Defendant] did not have a place to stay or food to eat. Ms. Richardson stated that [the Defendant] could come to her house to eat dinner. Ms. Richardson spoke with [the Defendant] by phone and gave him her address.

When [the Defendant] arrived, Ms. Richardson walked outside to meet him. Mr. Brown was sitting in Ms. Richardson's vehicle . . . when the Defendant arrived in a vehicle with two other males. (Ms. Richardson did not know the other two suspects.)

The Defendant drew a silver and black handgun, pointing it at Ms. Richardson and Mr. Brown. The other suspects were also armed. The suspects ordered Mr. Brown to give them everything in his pockets. The suspects took $1,150.00, a cell phone, and Mr. Brown's TN ID. Mr. Brown was then ordered from the vehicle and the suspects ordered Mr. Brown to "back up." [The suspects] took car key from Mr. Brown's pocket. Mr. Brown did so, and then he and Ms. Richardson began to run through the yard to get away. They reported hearing 3-4 gunshots behind them [as] they were running away. The suspects fled the scene in both the vehicle they arrived in and also took Ms. Richardson's [vehicle] as well (driven by [the Defendant]). Officers recovered a shell casing in the driveway of the residence.

Ms. Richardson provided pictures of [the Defendant] on social media and he was identified as Carlos Williamson. Two aggravated robbery warrants were obtained against [the Defendant].

[As to Count 5] On July 20, 2016, at approximately 4:29 p.m., Officer Joshua Lippert observed [the Defendant] driving [a vehicle]. Officer Lippert knew the Defendant/driver to have several outstanding felony warrants.

2

Officer Lippert attempted to initiate a traffic stop of the Defendant's vehicle . . . . The Defendant refused to yield to Officer Lippert's emergency equipment and increased his speed to evade arrest. The Defendant was traveling well over 70 miles per hour in a 30 miles per hour zone.

The trial court subsequently held a sentencing hearing, during which it admitted the presentence report as an exhibit, and the parties presented the following evidence: the victim testified that she was scared and had lost trust in most of her family since the incident. She was scared to have people come to her house and felt "scarred for life" by the Defendant's actions. The Defendant "took something" from the victim that she had worked hard for, including her money and her new vehicle for which she was still making loan payments. Her husband had been affected by the crime as well, and the victim felt her husband could have died that day. The victim did get her vehicle back, but it had been totaled. The victim testified that, on the day of the Defendant's crimes, her children had been outside playing and could have been outside when the Defendant arrived.

On cross-examination, the victim agreed that she was purchasing a "blunt" from the Defendant that day. She agreed that she did not tell the police about the "blunt." The victim stated that her husband was not aggressive towards the Defendant.

On redirect-examination, the victim stated that she saw the Defendant fire the gun two to three times and that the other two suspects did not shoot.

The Defendant testified that he was a high school graduate and worked at McDonald's. He disputed the victim's version of the events, saying that he was in the victim's yard to sell the victim drugs when the victim's husband became aggressive causing the two men to have a "little altercation." The Defendant then drove away because he did not want any trouble. The Defendant apologized for what had happened and wished the victim the best.

On cross-examination, the Defendant stated that he had taken responsibility for the crime but did not tell the police the truth initially because he was on drugs. He stated that the victim was lying about certain aspects of the crimes; he stated that he did not steal the victim's vehicle but agreed that he did "evade" the police when they pursued him, however it was in a different car. He admitted that he went to the victim's house with a weapon because it was a drug transaction. He agreed that he fired the weapon in the victim's yard but said that he fired into the air.

On redirect-examination, the Defendant stated that he pleaded guilty to certain crimes that he did not commit; he acknowledged committing "wrongs" during these events but denied intentionally evading arrest.

3

At the conclusion of the hearing, the trial court stated that it was considering the evidence, exhibits, and the principles of sentencing. The trial court stated that it had considered the nature and characteristics of the offense.

The trial court applied enhancement factor (1), that the Defendant had a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range. T.C.A. § 40-35-114(1) (2019). It stated that the Defendant had a history of drug use, as established by the presentence report, and the Defendant took a weapon to a drug deal, which the trial court stated was of "high value" when considering this enhancement factor. The trial court also applied factor (3), that there was more than one victim of the Defendant's crimes. T.C.A. § 40-35-114(3).

For the aggravated robbery conviction, the trial court imposed a twelve-year sentence as a Range I, standard offender with an eighty-five percent release eligibility. For the aggravated assault conviction, the trial court imposed a concurrent three-year sentence with a thirty percent release eligibility. For the evading arrest conviction, the trial court imposed a concurrent four-year sentence with a thirty percent release eligibility. The trial court ordered that the sentences be served in the Tennessee Department of Correction. It is from these judgments that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it applied the two enhancement factors to his sentence. The Defendant contends that the trial court erred when it applied enhancement factor (1), that the Defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. He contends that the trial court improperly used the fact that he brought a deadly weapon to the drug deal as an enhancing factor when in fact it was an element of the crime. He also argues that the multiple victims factor, enhancement factor (3), was improperly applied because each of the crimes had a named victim, necessitating the presence of a single victim and not multiple as required to apply this factor.

The State responds that the trial court did not apply enhancement factor (1) solely based on the Defendant's possession of a weapon at the crime, but that the trial court also considered his history of dealing drugs, making the application of this factor proper. As for factor (3), the State argues that the Defendant is not entitled to relief because of the advisory nature of the enhancement factors, generally, and because the trial court properly applied another factor while imposing a sentence in compliance with the purposes and principles of sentencing. We agree with the State.

4

"Sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id.* at 554-55; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. So long as the trial court sentences within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. *Id.* at 707.

The misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from a trial court's sentencing decision. *Id.* A reviewing court should not invalidate a sentence on this basis unless the trial court wholly departed from the principles of the Sentencing Act. *Id.* So long as there are other reasons consistent with the purpose and principles of sentencing, a sentence within the appropriate range should be upheld. *Id.*

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* T.C.A. § 40-35-210 (2019); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103 (2019).

We conclude that the trial court properly sentenced the Defendant. The trial court considered the relevant principles and sentenced the Defendant to a within range sentence. Relevant to enhancement factor (1), the trial court relied on the Defendant's criminal history of drug use and dealing drugs. The trial court did note that the Defendant brought a weapon to a drug deal, which was an element of aggravated robbery in this case. The

5

weapon was not the sole basis for the trial court's application of factor (1). The trial court correctly considered the Defendant's prior involvement with illegal drugs. Based on the Defendant's pre-sentence report, we conclude that the evidence supports the trial court's application of this enhancement factor. We agree with the Defendant that the trial court inappropriately applied enhancement factor (3) on the basis that there was one named victim of each of the aggravated assault and aggravated burglary charges; however, we note that "the application of a single enhancement factor is sufficient to justify the imposition of the maximum sentence in the range." *State v. James Moore*, No. W2015-01483-CCA-R3-CD, 2016 WL 7654955, at *5 (Tenn. Crim. App., at Jackson, Aug. 23, 2016), *no Tenn. R. App. P. 11 filed*. As such, the appropriate application of enhancement factor (1) was sufficient to enhance the Defendant's sentence. The Defendant is not entitled to relief on this issue.

## III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE